## Fisher *v.* Hart, Appellant.

[Marked to be reported.]

*Evidence—Hostile witness—Cross-examination—Laying ground—Leading question.*

Where, in an action for negligence in the construction of a scaffold, a witness, who is asked whether the defendant superintended the construction of the scaffold, replies, "I don't remember;" and makes the same reply to the question, "Did you not tell me so yesterday," sufficient cause is not thereby shown to allow the plaintiff to cross-examine the witness as an adverse witness and thus put in his month, by leading questions, the very allegations of fact which the plaintiff wishes him to verify by an affirmative answer.

*Negligence—Fellow servant—When question for the jury.*

In an action for damages for injuries sustained by the alleged negligent construction of a scaffold, where it is admitted that the defendant personally directed the erection of the scaffold, and there is evidence to show that he called away the workman who was nailing it before it was safely nailed, the court should not withdraw the case from the jury.

*Same—Refusal to affirm point.*

Where the evidence warrants the submission to the jury of the question whether the accident was caused solely by the negligence of a fellow workman of the plaintiff, it is error for the court to refuse to affirm a point to the effect that, if the accident was solely caused by such negligence, the plaintiff cannot recover.

Argued Jan. 21, 1891. Appeal, No. 87, July T., 1890, by defendant, John D. Hart, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1888, No. 602, on verdict for plaintiff, William Fisher. Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Trespass for personal injuries.

On the trial the following facts appeared: Plaintiff, a minor, was in the employ of defendant learning the trade of bricklaying. On Aug. 7, 1888, the plaintiff was working on a building which was being erected by defendant. It became necessary to raise the scaffold. In so doing, a ledger board (the board which is nailed to the uprights and acts as the support of the putlocks upon which the floor of the scaffold rests) was insufficiently nailed to all the uprights, except the westernmost one. In consequence, the scaffold fell while plaintiff was working

upon-it where he had been directed to go by defendant. For the injury thus sustained this action was brought.

There was no question but that the defendant was personally present at the time the scaffold was raised and directed the work. One of the witnesses testified that, after Gordon, the workman who nailed the ledger board, had put one nail in it, the defendant ordered him to come to another place on the scaffold and nail there.

After the preliminary questions given in the opinion, counsel for plaintiff was, under objection, allowed to put the following question to one of plaintiff's witnesses : " Did not you say to me yesterday afternoon as follows : ' I did not superintend the construction of the building of this scaffold ; John D. Hart did that himself. When he was around he didn't allow anybody to superintend anything. He did all that himself. I only saw Gordon nail on this ledger board that fell. He nailed one nail in one end of the board. This was all that I saw. Hart was standing there looking at him also.' " [1]

Defendant's sixth point, refused, is quoted in the opinion of the Supreme Court. [2]  His fifth point, also refused, was : " Under all the evidence in this case, the verdict of the jury should be for the defendant." [3]

The court charged in part as follows :

" The contention between counsel here appears to be that there was negligence on part of defendant. And on defendant's part it is claimed that one of his employees was negligent, and defendant seeks to have you apply the principle of law that where the accident is a result of the negligence of a co-employee there is no right to recover. There is such a principle of law, and if the facts warrant the application of it the defendant is absolved from responsibility, and plaintiffs cannot recover.

\*          \*          \*          \*          \*          \*          \*          \*

" If this accident was caused by the improper construction of this scaffolding, and you believe it was constructed under the supervision and direction of defendant, and such faulty construction was the result of defendant's order, or want of proper care, he is liable to plaintiff, if plaintiff is not guilty of contributory negligence ; if the accident was caused by the improper construction of the scaffold erected by a fellow employee, simply under orders to erect a scaffold, and if the negligence was un-

known to defendant, your verdict should be for defendant, if he gave directions which would have secured a safe scaffold if carried out."

The verdict was for the plaintiff in the sum of $7,500.

*Errors assigned,* were (1) refusal to sustain objection to above question, quoting it; (2, 3) refusal of defendant's 6th and 5th points, quoting them.

*John G. Johnson,* with him *C. Davis* and *H. U. Bunner,* for appellant.—The question covered by the first assignment of error was inadmissible. The witness had shown no bias and had made no statement injurious to the plaintiff. He had simply announced his inability to remember a certain fact. This did not justify the question: Sterns v. Merchants' Bank, 53 Pa. 496.

The defendant's sixth point should have been affirmed. That it was not read to the jury, and that the general charge, to a certain extent, covered the matter, does not cure the error: People's S. Bank v. Denig, 131 Pa. 249.

This case should be reversed without a new venire. There was a faint effort to prove that Hart had called Gordon to nail one of the ends of the ledger. It did not appear, however, that Hart knew when he called that the other end had not been completed in the nailing, nor that he insisted upon Gordon coming before such nailing was completed, nor that there was not time given to Gordon afterwards to finish the nailing. The whole trouble came from Gordon's negligence: Wood's Mas. & Serv. §§ 431, 434; Brown v. Accrington Cotton Co., 3 H. & C. 511; Crawford v. Stewart, 19 W. N. C. 48.

At best work upon scaffolds is hazardous: Armour v. Hahn, 111 U. S. 313.

*James H. Shakespeare, James H. Heverin* with him, for appellee.—The question objected to was within the discretion of the court below: Bank v. Davis, 6 W. & S. 285; McKee v. Jones, 6 Pa. 425; Sharp v. Emmet, 5 Wh. 288; Kay v. Fredrigal, 3 Pa. 221.

Defendant's sixth point was not read to the jury; and its refusal did the defendant no harm in view of the general charge: Bank v. Denig, 131 Pa. 241.

In this case the master personally interfered with the work, and through his interference, as a direct result or as a conse-

quence thereof, the injury resulted and the master is responsible: Wood's Mas. & Serv. §§ 431, 434.

OPINION BY MR. JUSTICE STERRETT, May 23, 1892:

The subject of complaint in the first specification is the admission of the leading question, therein recited, that was put by the plaintiff to his own witness.

As a general rule neither party has a right to treat his own witness as hostile, and proceed either to cross-examine him or to call other witnesses to contradict him, without first showing sufficient cause for so doing. The rule and recognized exceptions thereto were fully considered by Mr. Justice THOMPSON, in Stearns v. Merchants' Bank, 53 Pa. 496 ; and there appears to be nothing in what is said there to justify the action of the court below in this case. The only ground laid by the plaintiff for proposing to cross-examine his own witness was the answers of the latter to the following questions : " Q. Did John D. Hart superintend the construction of this scaffold? A. I don't remember. Q. Did you not tell me so yesterday? A. I don't remember." The witness had not testified to anything prejudicial to the plaintiff, nor does it appear that he had manifested any bias. Without any further effort to refresh his memory than is indicated in the foregoing questions, the plaintiff was permitted to treat him as an adverse witness, and to propound, by way of cross-examination, the leading question complained of. The result of this was to put in the mouth of the witness the very allegations of fact which the plaintiff wished him to verify by an affirmative answer.

While in such matters of practice the trial judge must necessarily be invested with large discretion, we think that no sufficient ground was laid for the admission of the question.

Six points for charge were presented by the defendant, the first three of which were read and affirmed. The remaining three, without being read, were refused. In the 6th point, the learned judge was requested to charge: " If the jury find from all the evidence in the case that the accident is solely attributable to the negligence of Gordon in neglecting to nail the ledger of the scaffold, plaintiff cannot recover."

This point was warranted by the evidence, and involved a question of fact that was proper for the consideration of the

jury.    The alleged fact of which it is predicated, if it had been submitted to and found by them in favor of defendant, would have precluded a verdict for plaintiff.    The refusal of the court to affirm the point was error.

There was no error in refusing to withdraw the case from the jury by directing a verdict for defendant.

It follows that the first and second specifications are sustained and the third is dismissed.

Judgment reversed, and a venire facias de novo awarded.