## Fay's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*Frederick V. Hebard*, for exceptant.

*James R. Wilson, Francis S. Goglia*, and *Joseph C. Henry*, contra.

BOLGER, J., December 3, 1937.—The exceptions are three in number:

1. Extrinsic evidence should have been admitted to prove testamentary intent.

2. The court in weighing such evidence should have decided in favor of proponents.

3. The trial judge erred in refusing proponents opportunity to cross-examine witnesses who earlier had been their witnesses in chief.

1. The writings involved are clearly on their face assignments of stock, which proponents maintain were made and published as a will or wills. The action of the hearing judge in refusing to admit extrinsic evidence of this intent was correct: McCune's Estate, 265 Pa. 523, and see opinion of Stearne, J., filed November 19th last, in Glass' Estate, 30 D. & C. . . . .

Where the language of the instrument is clear and offers on its face only one construction without obvious distortion of the language used, investigation of possible testamentary or other intent is limited to the four corners of the writing. Should outside inquiry be permitted, it would give countenance to an attempt to change the legal character of the writing and to invest it with a quality it does not possess and which the Wills Act of June 7, 1917, P. L. 403, sec. 2, requires, namely, that such "will shall be in writing".

We could no more authorize such inquiry than we could breathe the breath of life into an instrument clearly testamentary on its face, in an effort to have it declared inter vivos in character.

2. While the rule of law contained in the preceding paragraph actually governs the case, nevertheless, like the hearing judge, we have carefully examined the evidence; we find no error in the conclusions reached.

3. This point, likewise, is moot in light of the ruling upon question no. 1. The testimony taken before the register was submitted to the hearing judge on stipulation, with the provision that either side was at liberty to amplify it. Proponents had examined as their witnesses before the register persons who were interested in the estate, namely, two nieces and a nephew of decedent, and who would inherit if the writings were declared to be not a will. At the hearing before the court, proponents sought to question these same witnesses under cross-examination, to amplify or to correct their testimony before the register. The hearing judge, upon objection, refused to admit this testimony. In this he was correct. Proponents had their opportunity with these witnesses; because they may have weakened under cross-examination by attorney for contestant is no reason they should again be cross-examined by proponent: Fisher v. Hart, 149 Pa. 232.

The exceptions are accordingly dismissed and the action of the hearing judge in denying the appeal is sustained.