Commonwealth *v.* Bynum, Appellant.

Argued April 27, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Austin J. McGreal,* for appellant.

*Martin H. Belsky,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, September 19, 1973:

The appellant, Charles Bynum, was convicted of murder in the first degree, burglary, aggravated robbery, and weapons violations. The convictions resulted from a criminal episode on September 2, 1969, when the Piccadilly Bar in Philadelphia was robbed. The bartender, James West, Sr., was killed from a shotgun blast during the robbery.

Post-trial motions were denied on December 21, 1971. On February 8, 1972, the appellant was sentenced to life imprisonment on the murder conviction, ten to twenty years on the aggravated robbery conviction, and five to twenty years on the burglary conviction. All sentences ran concurrently. Sentence was suspended on the weapons violations conviction. This appeal followed.

The appellant claims that prejudicial error occurred when the prosecution was permitted to impeach one of

its own witnesses through cross-examination. Because we agree, the judgments of sentence are reversed and a new trial granted.

The prosecution sought to prove that the appellant participated in a robbery of the Piccadilly Bar which resulted in the fatal shooting of the bartender by one of the other participants. Harold Williams was called as a witness by the prosecution. At the time of the robbery, Williams was sitting on the outside steps of a building near the Piccadilly Bar talking with friends. In an attempt to place the appellant at the scene of the robbery, Williams was asked on direct examination whether he had seen the appellant on the day of the alleged robbery. Williams answered, "I think so. I'm not sure, really." When the question was repeated, Williams gave the same answer after which the prosecution pleaded surprise and was permitted to cross-examine the witness. An objection by defense counsel was overruled. During the cross-examination, the prosecution attempted to impeach Williams by confronting him with a prior out-of-court statement in which Williams implicated the appellant by placing him at the scene of the crime.

The prosecution should not have been permitted to impeach its own witness. This issue is controlled by *Commonwealth v. Knudsen,* 443 Pa. 412, 278 A. 2d 881 (1971), and more recent decisions reaffirming *Knudsen. Commonwealth v. Tucker,* 452 Pa. 584, 307 A. 2d 245 (1973); *Commonwealth v. Dancer,* 452 Pa. 221, 305 A. 2d 364 (1973); *Commonwealth v. Stafford,* 450 Pa. 252, 299 A. 2d 590 (1973).

The law applicable to this case was stated in *Knudsen* as follows:

"The courts of this Commonwealth have been liberal in allowing a party to cross-examine his own witness when it is believed that the interest of truth and justice so require. [Citations omitted.] In all the cited cases,

however, the witness sought to be cross-examined had made statements at trial which were directly contradictory to statements the witness had made earlier, and the in-court testimony, if believed, was such as to aid the opposing party.

"On the other hand, our courts have been loath to allow cross-examination for purposes of impeachment by use of prior statements when a witness states that he does not know or that he cannot remember. This is so for the reason that such an in-court declaration does not harm the calling party nor aid the opposing party. [Citations omitted.] Hence, when a witness claims he does not know or cannot remember, the prior statements should not be introduced because of the danger that the prior statements will be considered as substantive evidence by the jury." 443 Pa. at 414-15, 278 A. 2d at 882-83.

While Williams' testimony may have been disappointing, it was certainly not prejudicial or injurious to the prosecution's case. Before a party can be allowed to cross-examine his own witness, there must be something in the witness' testimony, which, if not disbelieved by the jury, will be harmful or injurious to the party calling him. *Commonwealth v. Dancer,* 452 Pa. 221, 305 A. 2d 364 (1973).

The trial court's error in permitting the prosecution to cross-examine its own witness cannot be considered harmless error. The prosecution introduced a signed alleged confession by the appellant which was vigorously disputed by the appellant on the witness stand during the trial. He testified that he did not confess to the crime, that he was suffering from narcotics withdrawal and that he was coerced into signing the alleged confession. There was no other substantive evidence presented which placed the appellant at the scene of the crime or implicated the appellant as a participant in the crime. Under these circumstances, Williams' out-

of-court statement implicating the appellant may have caused the jury to accept the prosecution's version of the circumstances under which the alleged confession was signed rather than the appellant's version on the witness stand during the trial. We cannot, therefore, conclude that the error complained of did not contribute to the jury's verdict.

Other errors alleged by the appellant need not be considered at this time.

Judgments of sentence reversed and a new trial granted.

Mr. Justice O'BRIEN concurs in the result.

Mr. Chief Justice JONES dissents.