Commonwealth *v.* Payne, Appellant.

Argued November 28, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

504

*F. Ross Crumlish,* for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *Charles D. Milstein* and *James T. Ranney,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, March 25, 1974:

The appellant, Robert Payne, was convicted in a nonjury trial on September 27, 1971, of voluntary manslaughter and conspiracy. Post-trial motions were denied and the appellant received a sentence of four to twelve years for the voluntary manslaughter and a consecutive sentence of three years probation for the conspiracy. This appeal followed in which we reverse the judgments of sentence and award a new trial.

Three witnesses testified for the prosecution. One witness testified that the victim, Henry Fortune, was shot and killed in a rear room of Bolden's Bar in Philadelphia during the evening of May 21, 1971. That witness, who was in an adjacent rear room with his wife and father-in-law listening to music, said that he heard the victim arguing with someone and got up to investigate. As he was going from one rear room to the other

rear room, he saw a spark, heard two shots, and immediately thereafter the victim fell into his arms. He saw two men shuffling out the door of the room into the street. He could not give any description or information concerning the two men.

Another witness called by the prosecution was John Dollard, a friend of the appellant. During the direct examination of Dollard by the prosecution, Dollard said that he had not seen anyone with a gun or a rifle during the evening of the shooting. Dollard's testimony was inconsistent with an out-of-court statement which had been given to the police. When Dollard denied during direct examination that he had seen anyone with a gun or a rifle, the prosecution began to ask questions about the prior inconsistent statement. Defense counsel repeatedly objected, stating that Dollard was a prosecution witness and that the prosecution was "trying to impeach him, cross-examine its own witness." Defense counsel's objections were overruled, and the prosecution was permitted to cross-examine Dollard about his prior inconsistent statement. During the cross-examination, the prosecution read verbatim key portions of Dollard's prior inconsistent statement. In those portions, Dollard had placed the appellant and two of the appellant's friends, one with a rifle, near the bar. He also said he saw them running away after he heard a shot.

The cross-examination by the prosecution of its own witness was error. Cross-examination of a party's own witness is not permitted in the absence of a plea of surprise or hostility. *Commonwealth v. White*, 447 Pa. 331, 290 A. 2d 246 (1972); *Commonwealth v. Turner*, 389 Pa. 239, 133 A. 2d 187 (1957); *Commonwealth v. Delfino*, 259 Pa. 272, 102 A. 949 (1918); see *Commonwealth v. Knudsen*, 443 Pa. 412, 278 A. 2d 881 (1971).

The prosecution does not challenge the rule which prohibits cross-examination of one's own witness with-

out proof of surprise or hostility and does not claim that Dollard's testimony was a surprise or that Dollard was a hostile witness. The prosecution argues that the prior inconsistent statement was used only to refresh Dollard's recollection. We cannot accept the argument of the prosecution. While it is true that a party may use a writing to refresh its own witness's recollection, that party has no right "to treat [the writing] as evidence, by reading it or showing it or handing it to the [factfinder] . . . ." 3 J. Wigmore, EVIDENCE §763 (Chadborne rev. 1970). In this case, the prosecution, after showing the writing to the witness, did not proceed with *direct examination*. The prosecution treated the writing as evidence by reading from the statement while asking *leading questions* to which the witness answered yes or no, or to which the witness gave no response. The prosecution was cross-examining the witness. A difference between direct examination and cross-examination is the use of the leading question. The rule that allows a party to give its own witness a writing for the purpose of refreshing the witness's recollection does not permit the offering party to cross-examine its own witness. The prosecution's argument would mean that a party could cross-examine its own witness at any time and then claim that the leading questions were only for the purpose of refreshing the witness's recollection. The proper procedure for a party to refresh his own witness's recollection is to show the writing, or other evidence, to his witness and after the witness's recollection is refreshed, to proceed with *direct examination* and have the witness testify from present recollection. The improper *cross-examination* of one's own witness does not become proper just because the witness's recollection has been refreshed by a writing not in evidence. The leading questions by the prosecution in this case constituted cross-examination of its own witness in an attempt to impeach that

witness. That cross-examination should not have been permitted and was, therefore, error.

The error in permitting the cross-examination of Dollard was not harmless. Dollard's prior inconsistent statement, which placed the appellant near the bar with two other friends, one of whom had a rifle, was crucial. The only other prosecution witness was the victim's brother, who testified that earlier in the evening he had chased appellant out of the bar and had heard the appellant making threats. Later that evening, he saw the appellant across the street from the bar shooting toward the bar's front door. At that time other people were also shooting from both sides of the street outside the bar. The brother did not identify any of the other people involved in the gunbattle. He further testified that he saw the appellant running away. The record, however, is not clear when he saw the appellant running away. He did not testify that he saw the appellant or any of the appellant's friends going into or leaving the bar. The prosecution witness who was inside the bar testified that he heard only two shots before the witness fell into his arms. He did not testify about hearing a gun battle in the street.

The record shows no connection between the time when the victim's brother saw the appellant outside the bar participating in a gun battle and the time of the shooting of the victim. The prosecution needed a witness to place the appellant or one of his friends near the bar at the time the victim was shot. Under these circumstances, the error in permitting the cross-examination of Dollard was not harmless.

Judgments of sentence reversed and a new trial awarded.