385 A.2d 383

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**John PROCTOR, Appellant.**

Superior Court of Pennsylvania.

Submitted March 14, 1977.

Decided April 13, 1978.

Philip D. Freedman, Assistant Public Defender, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, Harrisburg, and LeRoy S. Zimmerman, District Attorney, Harrisburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Appellant was tried by a jury and found guilty on three separate counts of unlawful delivery of controlled substances (heroin and cocaine). Post-trial motions were denied and appellant was sentenced to three concurrent prison terms of not fewer than five nor more than fifteen years. This appeal followed.

The Commonwealth's case was presented essentially through the testimony of Brenda Townes, an undercover agent for the Pennsylvania Bureau of Drug Control. Ms. Townes testified that on three occasions during the period of January 21, 1975 through February 21, 1975, she—with the assistance of an informant named Edgar Smith—purchased drugs from appellant at different locations in Harrisburg.

The principal grounds for error asserted on this appeal relates to agent Townes' testimony on direct examination as to the details surrounding the second sale. Ms. Townes had just finished testifying that she and the informant Smith had arrived at a local Harrisburg bar. At this point the following transpired:

"Q. What, if anything, happened inside the bar that afternoon?

A. After being seated there for maybe a minute Mr. Smith and myself, Mr. Proctor, the defendant, came in along with another gentleman.

Q. Tell us what happened.

[Appellant's counsel]: Now, if the Court please, the witness instead of responding to the question has begun to read some materials to herself. I object to that form of testimony and demand the right to see what she is consulting.

THE COURT: Overruled. Go ahead.

[Appellant's counsel]: Sir?

THE COURT: Overruled. Continue. What was the question?

[Appellant's counsel]: I move a mistrial.

THE COURT: Denied. What was the question?

[Deputy District Attorney]: I just asked her what happened after she saw Mr. Proctor in the bar.

THE COURT: In response to the question you consulted some notes. What did you consult?

THE WITNESS: Yes. I am consulting with my report of the incident, yes.

THE COURT: All right.

[Appellant's counsel]: I think I should be allowed to see it if she can't testify without reading it, if the Court please.

THE COURT: Continue."

The direct examination of agent Townes continued thereafter and covered her subsequent purchase of narcotics from appellant in the bar on this occasion. The record is devoid of any indication that Ms. Townes ever again consulted her report while testifying. Nor did appellant's counsel renew his request to inspect the report when he cross-examined the witness.

Appellant now argues the lower court erred in permitting Ms. Townes to refresh her recollection via the report without first establishing an appropriate foundation. In addition, appellant advances the related argument that it was error to

deny him permission to inspect the report for the purpose of cross-examination. We must agree with appellant on both points. However, it is our considered opinion that, under the circumstances of this case, the error was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

It is firmly established that a writing or other object may be used by a witness to refresh or revive his or her present recollection of past events. *Commonwealth v. Payne*, 455 Pa. 503, 317 A.2d 208 (1974); *Commonwealth v. Canales*, 454 Pa. 422, 311 A.2d 572 (1973). In *Payne*, supra, the Court, in passing upon a related issue, observed: "The proper procedure for a party to refresh his own witness's recollection is to show the writing, or other evidence, to his witness and after the witness's recollection is refreshed, to proceed with *direct examination* and have the witness testify from present recollection." 455 Pa. at 506, 317 A.2d at 210. The question posed by this appeal, however, is whether a foundation must first be established before a party can avail himself of the rule permitting a witness to refresh recollection? While our research has not disclosed any Pennsylvania cases squarely on point, we entertain little doubt that the question must be answered affirmatively. In *Moncrief v. City of Detroit*, 398 Mich. 181, 247 N.W.2d 783 (1976) the Supreme Court of Michigan discussed the instant issue. The Michigan court pertinently stated:

"To permit the use of a writing in order to refresh the memory of a witness, the proponent must show: (1) that the witness' present memory is inadequate; (2) that the writing could refresh the witness' present memory; and (3) that reference to the writing actually does refresh the witness' present memory." [Footnote omitted.] *Id.* at 787–788.

See also, *Katz v. Exclusive Auto Leasing, Inc.*, 282 A.2d 866, 869 (Del.1971); McCormick, Evidence § 9 (2nd ed. 1972); Annot., 82 A.L.R.2d 473. We are in accord with the opinion of the Michigan Supreme Court and, accordingly, find its decision in *Moncrief*, supra, to be persuasive authority.

Moreover, it is obvious that the proper procedure for refreshing recollection entails *counsel* tendering or showing the writing to the witness, as opposed to a witness (as in the case at bar) unilaterally initiating the procedure. *Commonwealth v. Payne,* supra. In light of the foregoing, it is apparent that in the instant case a proper foundation permitting the witness to refresh her recollection by consulting her report was not established.

■ In addition, it is clearly settled that once a witness has resorted to a writing or other object to refresh recollection, the adverse party is entitled to inspect the writing and to have it available for reference in cross-examining the witness. McCormick, *Evidence* § 9 (2d ed. 1972); 3 Wigmore, Evidence § 762 (Chadbourn rev. 1970); Annot., 82 A.L.R.2d 473, 557–562. Indeed, our decision in *Commonwealth v. Fromal,* 202 Pa.Super. 45, 195 A.2d 174 (1963), holding that the adverse party does not have an absolute right to inspect writings used by a witness to refresh recollection *prior* to taking the stand, implicitly recognizes the adverse party's right to inspect writings used while the witness is testifying. Furthermore, it appears that the question of whether inspection is postponed until cross-examination rests within the sound discretion of the trial judge. McCormick, supra; *State v. Gadwood,* 342 Mo. 466, 116 S.W.2d 42 (1937). Accordingly, in the instant case the lower court erred in denying appellant the right to inspect the document utilized by witness Townes to refresh her recollection.

■ Although the court below committed error both in permitting the Commonwealth's witness to refresh her recollection notwithstanding the absence of a proper foundation, and in denying appellant the right to inspect the writing, we are of the view the error was harmless in this instance. As previously noted, the question which prompted the witness to refer to her report was what happened in the bar after appellant arrived. After her recollection was improperly refreshed, the witness testified that following a brief conversation appellant sold her a small quantity of heroin.

Appellant took the stand and his testimony regarding this second sale was virtually identical to that of Ms. Townes. Indeed, appellant admitted that he sold a substance to agent Townes which she believed was heroin. Appellant stated, however, that pursuant to a previous plan he had with the informant, Smith, he thought he was selling Townes a diluent and not heroin.* In other words, for all intents and purposes, appellant admitted the veracity of the testimony given by Ms. Townes after she had refreshed her memory from the report. The fact that the jury chose not to believe appellant's explanation of the admitted sale is of no consequence. Under these circumstances, we must conclude that while the lower court erred in both permitting the witness to refer to her report absent the appropriate foundation, and in denying appellant's request to inspect the report, such error did not prejudice appellant and was harmless beyond a reasonable doubt. *Chapman v. California,* supra. See also *State v. Gadwood,* supra. Cf. *Commonwealth v. Carr,* 459 Pa. 262, 328 A.2d 512 (1974).

Appellant's final contention is that the Commonwealth failed to establish a proper chain of custody for the introduction of the heroin as exhibits. We have examined this contention and find it devoid of merit. Suffice it to again state: "The Commonwealth does not have to establish the sanctity of its exhibits beyond a moral certainty; it is sufficient that the evidence allows a reasonable inference that the identity and condition of the exhibits remained unimpaired until they were surrendered to the court." *Commonwealth v. Miller,* 247 Pa.Super. 132, 137, 371 A.2d 1362, 1365 (1977). Instantly, the Commonwealth's evidence clearly established a sufficient chain of custody.

Judgment of sentence affirmed.

* Appellant testified that he and Smith had previously agreed to dupe Townes by having Smith surreptitiously slip appellant a substance appearing to be heroin and appellant would in turn sell the spurious substance to Townes and later split the proceeds with Smith.

SPAETH, J., concurs in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.