385 A.2d 1021
**COMMONWEALTH of Pennsylvania**
**v.**
**Derald E. DENNISON, Appellant.**
Superior Court of Pennsylvania.
Submitted Nov. 14, 1977.
Decided April 28, 1978.

John W. Peck, II, Assistant Public Defender, Greensburg, for appellant.

Albert M. Nichols, District Attorney, Greensburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Defendant was found guilty by a jury of failing to support a bastard child. He appeals, raising two questions. First, he complains that the trial judge committed error in permitting the jury to take defendant's written confession with it to the jury room when it retired, over his objection. Second, he complains that the trial judge committed error when it refused to permit defense counsel to impeach his own witness after a plea of surprise.

Although the lower court recognized that Rule 1114 of the Pa. Rules of Criminal Procedure provided that the jury should not have possession of a written confession by a defendant during its deliberation, it, nevertheless, let the jury in this case have the writing on the court's interpretation of the writing as a "love letter" and not a confession.

According to the District Attorney, the letter was written one week after the "romantic interlude" which caused the conception of the child the defendant is charged with failing to support. The note is not dated and reads in part as follows:

" . . . loved anyone else. I want so much for you to be happy, for as to get married and have a nice home to live in. Baby, I love you! <u>I don't know what your mother plans on doing if you are pregnant and I don't really care as long as I know you love me and won't ever go away from me.</u> You won't will you?

Well, sweetheart its late and I'm tired. If I don't write more tomorrow I guess this will be a short note. But it says I love you. Ich liebe Sie Pogo & Shar 4 ever and ever I love you! And you only" (underlining supplied.)

It obviously is a "love note," but the question is whether it implies more, thereby, rendering it a confession of paternity. The underlined sentence is the crucial one. Does it mean that they had had sexual relations under conditions that might result in her pregnancy, about which he was concerned because of her mother's reaction; or does it mean that he had not had sexual relations with her, but he loved her regardless of the fact that he knew she had had relations with someone else which might have resulted in her pregnancy and cause her mother to react?

We find the former to be more plausible.

The letter was such that the jury might have interpreted it as a confession that the defendant had had sexual relations with the prosecutrix, one of the necessary elements on which the charge against him was based, and finding that, might imply from his concerns about the mother's reaction to her daughter's pregnancy, that he was the father of the child. Thus it might have concluded that it was a confession of paternity.

In view of the provision in Rule 1114, and the possibility the jury might conclude it was a confession, the lower court committed prejudicial error in permitting the jury to have possession of it during its deliberation.

█ The second question raised by appellant has no merit. Defense witness Bobby Hicks testified he had sexual relations with prosecutrix at approximately the same time that the letter in question was written. Then the defendant called another witness, Mark Black, to testify that prosecutrix had admitted to him her relationship with Hicks. Black instead of doing this, denied having heard such a statement and defense counsel pled surprise seeking the privilege of cross-examining his own witness. To this time, prosecutrix had not denied her relations with Hicks. The lower court refused to permit cross-examination because "This question and answer was only cumulative to the testimony of Bobby Hicks and did not contradict the testimony of Bobby Hicks." *Commonwealth v. Bynum*, 454 Pa. 9, 309 A.2d 545 (1973) sustains the lower court ruling.

288

The judgment of sentence is reversed and a new trial granted because the "love letter" was improperly submitted to the jury for use during its deliberations.

SPAETH, J., concurs in the result.

PRICE and VAN der VOORT, JJ., dissent.

WATKINS, former President Judge, did not participate in the consideration or decision in this case.