J-S04045-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| JAMES F. SINKOVITZ, | : | |
| Appellant | : | No. 504 MDA 2014 |

Appeal from the PCRA Order Entered February 24, 2014,
in the Court of Common Pleas of Dauphin County,
Criminal Division, at No(s): CP-22-CR-0000808-2009

BEFORE:   BOWES, ALLEN, and STRASSBURGER, JJ.*

MEMORANDUM BY: STRASSBURGER, J.:         **FILED MARCH 09, 2015**

James F. Sinkovitz (Appellant) appeals *pro se* from the order entered on February 24, 2014 which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9540-9546.  After review, we affirm.

The facts underlying Appellant's conviction are as follows.

> Appellant was residing in the marital home of David Wertz and Deana Beaver, which is the cause for the altercation that subsequently ensued between David Wertz and Appellant on January 26, 2009.  David Wertz's estranged wife, Deana Beaver, previously had a Protection From Abuse (PFA) Order against David Wertz which evicted him from the marital home. Subsequently, Appellant began residing in the marital home as a sort of tenant as he was a friend Deana Beaver [who had also vacated the residence].  On the night of January 26, 2009, David Wertz and his friend David Petrie were drinking at different bars. After drinking that night, David Wertz asked David Petrie to drive him to the marital home to confront Appellant.  When David Wertz arrived he approached the house and confronted Appellant about living in the house.  Appellant answered the door and a

*Retired Senior Judge assigned to the Superior Court.

verbal altercation followed shortly thereafter with Appellant and David Wertz physically fighting. When David Petrie saw David Wertz was badly beaten, he ran over to help David Wertz and tried dragging him back to the car after the Appellant went back into the house. When Appellant returned outside Appellant shot and killed David Wertz. According to the crime scene investigation David Wertz was shot five times with a high powered rifle and all of the spent bullet casings were scattered throughout the back yard.

On January 26, 2009, officers from the Susquehanna Police Department arrived at the residence and requested that Appellant accompany them to the police station for questioning. During an interview with Detective Donald Cairns, Appellant informed the detective that the victim, Mr. Wertz, had entered his living room and attempted to attack him with a knife. Appellant stated that he shot Mr. Wertz in self-defense, whereupon Mr. Wertz ran from the house and collapsed in the yard where he died.

After police officers concluded that the physical evidence obtained at the scene did not corroborate Appellant's statements, Appellant was arrested and charged with criminal homicide. On October 22, 2009, Appellant filed a pre-trial suppression motion. The trial court conducted a suppression hearing on October 26, 2009 and subsequently denied Appellant's suppression motion. Following trial on November 16, 2009 to November 19, 2009, a jury found Appellant guilty of first degree murder. On November 23, 2009, the trial court sentenced Appellant to life imprisonment. Appellant filed a post-sentence motion on November 25, 2009. The trial court on April 16, 2010 conducted a hearing and on June 4, 2010, issued a memorandum order denying Appellant's post-sentence motion. Appellant filed a timely notice of appeal.

***Commonwealth v. Sinkovitz***, 24 A.3d 448 (Pa. Super. 2011) (unpublished

memorandum at 1-3) (citations omitted).

On February 8, 2011, a panel of this Court affirmed Appellant's judgment of sentence, and his petition for allowance of appeal was denied on September 28, 2011. *Id*., *appeal denied*, 30 A.3d 488 (Pa. 2011).

Appellant filed a *pro se* PCRA petition.[1] Counsel was appointed, and on April 26, 2013, counsel filed a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On May 8, 2013, Appellant *pro se* filed a document entitled "Petition to Stop the Motion to Withdraw Filed By My Counsel, Under the Post Conviction Relief Act." On December 23, 2013, the PCRA court permitted counsel to withdraw and issued a notice pursuant to Pa.R.Crim.P. 907 informing Appellant that his petition would be dismissed without a hearing. Appellant filed a *pro se* response to the Rule 907 notice, which included, *inter alia*, an objection to the PCRA court permitting counsel to withdraw. On February 24, 2014, the

---

[1] On September 28, 2012, Appellant filed a *pro se* petition for extension of time to file a PCRA petition. On October 19, 2012, the PCRA court denied that request, after the Commonwealth pointed out that Appellant had until December 27, 2012 to file a petition timely. On January 4, 2013, the Dauphin County Clerk of Courts received Appellant's *pro se* PCRA petition. Attached to the petition was a cash slip indicating that Appellant requested a box to mail a document on December 18, 2012. Accordingly, the PCRA court concluded that the petition was timely filed pursuant to the prisoner mailbox rule. ***See Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa. Super. 2011) ("[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing.").

PCRA court formally dismissed Appellant's petition. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant sets forth three issues for our review, which we have reproduced verbatim.

1. WHETHER YOUR HONORABLE COURT ERRED IN DENYING DEFENDANT'S POST CONVICTION RELIEF ACT MOTION WITHOUT HAVING A HEARING.

2. WHETHER THE ADMISSION OF THE INMATE WITNESS"S STATEMENT USED BY THE COMMONWEALTH WAS INAPPROPRIATE, WHEN IT WAS NOT BEEN DISCLOSURE TO DEFENSE PRIOR TO TRIAL?

3. WHETHER THE PROSECUTOR/COMMONWEALTH ERRED WHEN HE HELD EVIDENCE BY NOT HANDLED IT TO THE DEFENSE?

Appellant's Brief at 4 (suggested answers omitted).

Preliminary, we note that when reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by record evidence and is free of legal error. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

As some of Appellant's claims involve the ineffective assistance of counsel, we set forth our well-settled principles of law. In reviewing the

PCRA court's denial of such claims, we bear in mind that counsel is presumed to be effective. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010). To overcome this presumption, Appellant bears the burden of proving the following: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." ***Id.*** Appellant's claim will be denied if he fails to meet any one of these three prongs. ***Id.***

Appellant first contends that the claims raised in his PCRA petition are meritorious, particularly because trial counsel's representation was ineffective. However, Appellant's five-page argument on this subject is rambling and does not state with any particularity what it was about trial counsel's performance that rendered it defective.[2] Appellant's Brief at 11-15. "We decline to become appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits

---

[2] Appellant also makes reference to his dissatisfaction with the PCRA court permitting PCRA counsel to withdraw. Appellant's Brief at 11. However, Appellant does not develop that argument further. Accordingly, we will not address it on appeal. ***See Commonwealth v. Spotz***, 18 A.3d 244 (Pa. 2011) (noting that generalized assertions of error are not arguments and are not reviewable).

thereof." ***Commonwealth v. Maris***, 629 A.2d 1014, 1017 (Pa. Super. 1993). Therefore, we conclude that Appellant has waived this issue.

Appellant's next argument concerns the testimony of one of the Commonwealth's witnesses, David Cibulka. Appellant's Brief at 16-20. We provide the following background from the trial transcript. Cibulka was Appellant's cellmate while he was housed at the Dauphin County Prison. Cibulka testified that Appellant told Cibulka what happened the night that Mr. Wertz was shot. Specifically, Appellant told Cibulka that Appellant shot Mr. Wertz while outside the house, then Appellant tried to cover it up by making it look like Mr. Wertz had attacked Appellant. Cibulka wrote a letter to the district attorney about what Appellant told him.

While Appellant's specific argument to this Court is unintelligible, we set forth the issue as summarized by the PCRA court.

> [Appellant's] next claim of ineffectiveness relates to trial counsel's failure to obtain a letter that Mr. David Cibulka, [Appellant's] former cellmate, sent to the Dauphin County District Attorney's Office. With his ineffectiveness claim, [Appellant] entwines a prosecutorial misconduct claim with respect to the same letter asserting that the Commonwealth improperly failed to provide Mr. Cibulka's letter to his trial counsel during the discovery process. Upon review of the record, and specifically the trial transcript, both arguments fail. It appears that [Appellant] believed that Mr. Cibulka was improperly reading his personal documents pertaining to his criminal case. He believed that [Mr. Cibulka] was using the information to garner some sort of favorable treatment on his prison sentence by providing information to the Commonwealth. However, during the trial, Mr. Cibulka's letter was never admitted into evidence for any substantive purpose as it was

only utilized to refresh Mr. Cibulka's recollection of the date of the letter. [Appellant] did not raise the prosecutorial misconduct claim on direct appeal which would mean the issue has been waived unless it can be shown that the waiver was as a result of counsel's ineffectiveness. However, as the letter was only used to refresh a witness' recollection, it is not clear that an objection would have been successful. Further, because the letter was not used as substantive evidence, no prejudice befell [Appellant].

Memorandum Order, 2/24/2014, at 7-8.

We see no error in the reasoning of the PCRA court. The letter itself was never admitted as evidence, and was used by the Commonwealth only to refresh Cibulka's recollection of the date he actually sent the letter. N.T., 11/16-19/2009, at 392-93. "The proper procedure for a party to refresh his [] witness's recollection is to show the writing, or other evidence, to his witness and after the witness's recollection is refreshed, to proceed with direct examination and have the witness testify from present recollection." *Commonwealth v. Proctor*, 385 A.2d 383, 385 (Pa. Super. 1978). Accordingly, there is no arguable merit to a contention that trial counsel should have objected to the Commonwealth's use of this letter. Moreover, Cibulka was cross-examined about whether he invaded Appellant's personal papers to formulate this information, and Cibulka denied that contention. N.T., 11/16-19-/2009, at 384. Thus, we conclude Appellant is not entitled to relief on this issue.

Finally, Appellant sets forth a purported prosecutorial misconduct claim. Appellant's Brief at 21-2. Again, this argument is unintelligible, and we set forth the PCRA court's summary and conclusion.

> [Appellant] makes another claim of prosecutorial misconduct averring that the Commonwealth withheld discoverable evidence in the form of the mental health reports of David Petrie, a Commonwealth eyewitness. The basis … on which he is making his claim is unclear from the Petition. On its face, the claim of the Commonwealth's alleged improper withholding of material subject to discovery pursuant to the Pennsylvania Rules of Criminal Procedure appears to be a direct appeal issue and as it was not pursued, it is now waived. However, if [Appellant] is attempting to overcome the waiver by claiming that his trial counsel was ineffective for not objecting to Mr. Petrie's testimony or somehow preserving the issue for review, this claim also fails. The record indicates that [Appellant's] trial counsel questioned Mr. Petrie on cross examination about any mental health issues, specifically depression, and any medication for treatment thereof. The record was not clear whether such mental health records existed and, further, any credibility concerns were brought to light and adequately addressed by [Appellant's] counsel.

Memorandum Order, 2/24/2014, at 9.

Once again, we conclude that the record supports the PCRA court's conclusions. *See* N.T., 11/16-19/2009, at 341 (cross-examining Petrie about prescription medication for depression). Thus, Appellant is not entitled to relief on this basis.

As Appellant has not presented any claims that convince us he is entitled to relief, we affirm the order of the PCRA court denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2015