J-A06024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE MATTER OF PETITION FOR CHANGE OF NAME OF A.C., J.L. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: J.L. AND G.L., SR. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1119 WDA 2017 |

Appeal from the Order June 26, 2017
In the Court of Common Pleas of Clearfield County
Civil Division at No(s):  No. 2017-175-CD

BEFORE:   BENDER, P.J.E., SHOGAN, J., and STRASSBURGER*, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 1, 2018**

J.L. ("Mother") and G.L., Sr. ("Stepfather")[1] appeal from the June 26, 2017 order that denied their petition to change the name of A.C.-J.L. ("the Child").  We affirm.

In its opinion, the trial court provided the following factual background in this matter:

> The matter presently before the [c]ourt involves a Petition for Name Change of [the Child] filed by [Appellants], on February 6, 2017. In the Petition, Petitioners request the [c]ourt to change the [surname] of [the Child, who was born in April of 2007], to [Stepfather's surname].
>
> [Mother] is the biological mother of the Child. Mother currently resides with her husband, [Stepfather], and the Child [in] DuBois, Pennsylvania. Mother and the Child have resided

_____

[1] We refer to Mother and Stepfather, collectively, as "Appellants."

_____
*   Retired Senior Judge assigned to the Superior Court.

with [Stepfather] since 2009. Further, [Stepfather] has two children from a prior relationship, [G.L., Jr. and A.L.], ages nineteen (19) and thirteen (13), respectively. Although these children resided in the same household as the Child in the past, at present, they reside elsewhere.

[J.J.L.] (hereinafter, "Father") is the biological father of the Child and opposes the instant Petition. Father currently lives with his wife, [C.L.], and their children, [L.L. and Am.L.], ages four (4) and one (1), respectively, [in] Turtlepoint, Pennsylvania.

In support of [Appellants'] request to change the Child's name, [Appellants] allege that the Child desires to have the same [surname] as [Appellants], that the Child desires to have the same [surname] as the other members of his household, including … his step siblings, and that Father has a criminal history that [Appellants] believe casts [Father's surname] in a bad light.

On April 7, 2017, a hearing was held before the [c]ourt regarding the Petition. Following said hearing, the [c]ourt ordered the parties to submit briefs in support of their respective positions. Being in receipt of said briefs, the [c]ourt is now prepared to rule on the matter.

Trial Court Opinion and Order, 6/26/17, at 1-2.

The trial court concluded that Appellants had not met their burden and found that changing the Child's surname was not in his best interests; therefore, the trial court denied Appellants' petition. Trial Court Opinion and Order, 6/26/17, at 3-4. On July 26, 2017, Appellants filed a timely appeal. Appellants erroneously designated their appeal as a Children's Fast Track and filed their concise statement of errors complained of on appeal contemporaneously with their notice of appeal pursuant to Pa.R.A.P. 1925(a)(2). However, an order denying a petition for name change is not a Children's Fast Track matter under Pa.R.A.P. 102. Therefore, Appellants'

filed their statement of errors complained of on appeal without the trial court ordering them to do so. Because Appellants filed their statement prematurely, the notes of testimony had not yet been transcribed.

After the notes of testimony were filed, Appellants filed an amended Pa.R.A.P. 1925(b) statement adding a fourth issue. As stated above, the trial court filed an opinion accompanying its order denying Appellants' petition for name change, but the trial court did not file a subsequent order addressing Appellants' Pa.R.A.P. 1925(a)(2) statement or its amended Pa.R.A.P. 1925(b) statement.[2]

Nevertheless, as this is not a Children's Fast Track appeal, and because the trial court did not order Appellants to file a Pa.R.A.P. 1925(b) statement, we will address the issues raised in Appellants' statement of questions presented. *See Commonwealth v. Antidormi*, 84 A.3d 736, 745 n.7 (Pa. Super. 2015) (stating that where the trial court does not order a concise statement of errors complained of on appeal, the waiver principles of Pa.R.A.P. 1925(b) do not apply).

On appeal, Appellants raise the following issues for this Court's consideration:

> ISSUE I: Did the lower court err in disregarding the [C]hild's desire to change his name because of the [C]hild's age?

---

[2] On August 11, 2017, the trial court filed a notice pursuant to Pa.R.A.P. 1925(a) that no additional opinion would be forthcoming.

> ISSUE II: Did the lower court err in determining that it would be in the best interests of the [C]hild to keep [F]ather's [surname]?
>
> ISSUE III: Did the lower court err in not considering the bond [among] the [C]hild and [Appellants] when making his determination?
>
> ISSUE IV: Did the lower court err when it refused during the *in camera* interview to allow counsel for … Appellants to question the child about a document which the [C]hild had written previously about his desire to have his name changed?

Appellants' Brief at 6.

We review a trial court order granting or denying a petition for name change, regardless of the age of the petitioner, for an abuse of discretion. *T.W. v. D.A.*, 127 A.3d 826, 827 (Pa. Super. 2015) (citation omitted).

> An abuse of discretion exists if the trial court has overridden or misapplied the law, or if the evidence is insufficient to sustain the order. Further, resolution of factual issues is for the trial court, and a reviewing court will not disturb the trial court's findings if those findings are supported by competent evidence. It is not enough for reversal that we, if sitting as a trial court, may have made a differing finding or reached a different result.

*Id.* (citation omitted). Moreover, "when considering a contested petition to change the name of a minor child, the best interest of the child is the standard by which a trial court exercises its discretion." *Id.* at 828 (citation omitted).

> Our Supreme Court has not provided definitive factors to consider in a name change case, instead requiring only that the courts consider the natural bonds between parent and child, the social stigma or respect afforded a particular name within the community, and, where the child is of sufficient age, whether the child intellectually and rationally understands the significance of changing his or her name.

*Id.* at 829 (citation omitted).

In its opinion, the trial court provided a thorough discussion supporting its decision to deny Appellants' petition for name change with regard to Appellants' first three issues:

> In the present case, the [c]ourt does not believe that [Appellants] have met their burden of establishing that it would be in the Child's best interest to change his name …. In support of their argument, [Appellants] claim that the Child desires to have the same last name as his Mother, [S]tepfather, and stepsiblings. First, it is important to note that the Child is merely ten (10) years old. Therefore, the Child's own desire to change his name must be considered in light of his young age. The [c]ourt simply does not believe that the Child rationally and intelligently understands the significance of changing his name, and thus, the [c]ourt does not place much weight on the Child's desires.
>
> [Appellants] also claim that the Child wishes to have the same last name as the members of his household, including his stepsiblings. This argument holds little weight, as the Child's stepsiblings no longer reside in the same household. Thus, the Child is not being overwhelmingly outnumbered by other members of the household who go by [Stepfather's surname] as opposed to [Father's surname].
>
> [Appellants] further argue that the Child's name should be changed due to the social stigma attached to [Father's surname], which resulted from Father's criminal history. During the hearing in this case, Father testified that he was convicted for driving under the influence in 2003, and was also guilty of disorderly conduct in 2009 or 2010. While the [c]ourt does not condone this behavior, these crimes, which occurred a number of years ago, certainly do not place such a harsh negative stigma on a surname such that a name change is warranted. Thus, the [c]ourt does not believe that [Appellants] have met their burden.
>
> The [c]ourt ultimately believes that it is in the Child's best interest to keep [Father's surname]. Father currently works as a correctional officer … and as a therapeutic staff support. The Child's stepmother, who also bears [Father's surname], works as

a mobile therapist. These occupations are certainly respectable and would cast the Child's current surname only in a positive light. It is also important to note that Father has been largely present throughout the entirety of the Child's life. Until the Child reached the age of five (5), Father shared physical custody of the Child on a 50/50 basis. At present, because the Child has now entered school, Father no longer has custody on a 50/50 basis, but still enjoys regular periods of partial custody. Father also testified that he shares a strong bond with the Child, stating that during his periods of custody the two play games and do various outdoor activities together. Father also testified that the Child has a good relationship with his half-siblings … who share [Father's surname].

The [c]ourt would reiterate that although evidence was presented suggesting that the Child wishes to change his name, the [c]ourt considers this evidence in light of the Child's young age. Ultimately, because the Child is so young, the [c]ourt does not believe that the Child truly understands the significance of his desires, and therefore, the [c]ourt does not place much weight on the Child's own wishes.

Trial Court Opinion and Order, 6/26/17, at 2-4.

After review, we conclude that the trial court carefully considered Appellants' first three issues and the factors relevant to deciding a petition for name change as discussed in *T.W., supra*. The trial court considered the familial bonds, discounted any social stigma connected to Father's surname, and concluded that it was in the Child's best interests to retain that surname. Additionally, the trial court aptly considered the Child's age and weighed the Child's purported wishes accordingly. Therefore, we affirm the trial court's decision; however, we expound upon the trial court's analysis with respect to Appellants' fourth issue.

In their fourth issue, Appellants claim that the trial court erred when it refused to allow Appellants' counsel to question the Child about a letter the Child wrote that allegedly reflected the Child's desire to change his name. Specifically, Appellants aver that Pa.R.E. 612(a) permitted counsel to refresh the Child's memory as to why he wanted his name changed, and the trial court erred when it prohibited Appellants from doing so. Appellants' Brief at 18. We disagree.

Our standard of review with respect to a trial court's evidentiary ruling is deferential, and it is well settled that evidentiary rulings are committed to the sound discretion of the trial court and will not be overruled absent an abuse of that discretion. *Tillery v. Children's Hospital of Philadelphia*, 156 A.3d 1233, 1243 (Pa. Super. 2017). Rule 612 provides that a witness's memory may be refreshed with a writing or other item. Pa.R.E. 612(a). However:

> [t]o permit the use of a writing in order to refresh the memory of a witness, the proponent must show: (1) that the witness'[s] present memory is inadequate; (2) that the writing could refresh the witness'[s] present memory; and (3) that reference to the writing actually does refresh the witness'[s] present memory.

*Commonwealth v. Proctor*, 385 A.2d 383, 385 (Pa. Super. 1978) (quoting *Moncrief v. City of Detroit*, 247 N.W.2d 783, 787-788 (Mich. 1976)).

During the April 7, 2017 hearing, the trial court interviewed the Child *in camera*, with counsel, the court reporter, and a law clerk present. N.T.,

4/7/17, at 48. The notes of testimony from the *in camera* interview were sealed by the trial court. Order, 7/27/17.

We note that this Court is privy to the contents of the entire certified record including the sealed testimony. The notes of testimony reveal that the trial court asked the Child about his preference for using Father's or Stepfather's surname. N.T., 4/7/17, at 54-56. While Appellants' counsel engaged in her examination of the Child, she attempted to show the Child the letter. *Id.* at 57. Counsel for Father informed the trial court that he had not seen this document, and the trial court concluded that introduction or use of the document was improper. *Id.* at 58. Although Rule 612 allows for refreshing a witness's recollection, there is no indication from the Child's *in camera* testimony that his recollection was inadequate or needed to be refreshed. *Id.* at 57-58. Accordingly, because there was no need to refresh the Child's memory, we conclude that the trial court committed no abuse of discretion in denying Appellants use of this document.

Additionally, when Father objected to the use of the letter and the trial court sustained the objection, Appellants did not present an offer of proof. Therefore, had the Child's memory been inadequate as contemplated in ***Proctor***, and had counsel properly attempted to refresh the Child's memory, we would be unable to address this issue because, without an offer of proof, we could not discern what effect, if any, the letter would have had. ***See Commonwealth v. Flis***, 535 A.2d 157, 159-160 (Pa. Super. 1987)

- 8 -

(discussing the need for an offer of proof to preserve the record for an adverse evidentiary ruling).

For the reasons set forth above, we conclude that the trial court committed no abuse of discretion finding that Appellants did not sustain their burden that a name change was in the Child's best interests. Accordingly, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2018