J-A23026-15

2015 PA Super 233

| T.W. | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|------|--|---------------------------------------|
| | Appellant | |
| | v. | |
| D.A. | | |
| | Appellee | No. 336 WDA 2015 |

Appeal from the Order February 20, 2015
In the Court of Common Pleas of Allegheny  County
Family Court at No(s): FD-13-6115-002

\*\*\*\*\*

| T.W. | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|------|--|---------------------------------------|
| | Appellant | |
| | v. | |
| D.A. | | |
| | Appellee | No. 337 WDA 2015 |

Appeal from the Order January 27, 2015
In the Court of Common Pleas of Allegheny  County
Family Court at No(s): FD-13-6115-002

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

OPINION BY LAZARUS, J.:                    **FILED NOVEMBER 10, 2015**

T.W. ("Father") appeals from the order entered in the Court of Common Pleas of Allegheny County denying his petition to change his minor son's name from D.A.'s ("Mother") surname to match his own, or have his

son's name hyphenated to include both parents' surnames. Father also appeals the order denying his petition for reconsideration.[1]

The child is three years old. The parties share legal and physical custody.[2] After our review, we affirm the trial court's order docketed at 337 WDA 2015, and we quash the appeal docketed at 336 WDA 2015.

Father raises the following issues for our review:

1. Whether the trial court erred in entering an order dismissing Father's petition to change the name of a minor child, which order was not in the best interests of the child in question;

2. Whether the trial court erred in disregarding the natural bonds between Father and the child, with whom he has equally shared physical custody, and the respect afforded Father's name within the community;

_____

[1] By order dated March 17, 2015, this Court consolidated the two appeals *sua sponte*. **See** Pa.R.A.P. 513 ("Where there is more than one appeal from the same order, or where the same question is involved 336 WDA 2015 in two or more appeals in different cases, the appellate court may, in its discretion, order them to be argued together in all particulars as if but a single appeal."). However, an order denying reconsideration is not appealable. **See Provident Nat. Bank v. Rooklin**, 378 A.2d 893, 897 (Pa. Super. 1977) (refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal); **see also Cheathem v. Temple Univ. Hosp.**, 743 A.2d 518 (Pa. Super. 1999) (refusal of trial court to reconsider, rehear or permit reargument of final decree is not reviewable on appeal); **see also Valley Forge Center Assocs. V. Rib-It/K.P.**, 693 A.2d 242 (Pa. Super. 1997). We, therefore, quash the appeal docketed at 336 WDA 2015.

[2] Father was represented by counsel during custody proceedings, but chose to proceed *pro se* at the name change hearing.

3. Whether the trial court erred and abused its discretion in failing to find that Mother's reluctance to use Father's name for the child was rooted in hostility between Mother and Father;

4. Given that the standard for adjudication of a name change is the best interests of the child, whether the trial court erred by not setting forth in writing the statutory best interest factors;

5. Whether the trial court erred by failing to grant reconsideration and scheduling a subsequent day for adjudication of Father's name change petition where the trial court, in so doing, failed to "ensure that as full and complete a record as possible is created when a decision as important as the welfare of a child is at issue," thereby not fulfilling "the duty of the trial court to make the fullest record possible inquiry in custody actions." *Moore v. Moore*, 634 A.2d 163, 167 (Pa. 1993).

As Father's first three claims are related, we address them together.

Our standard of review involving a petition for change of name, regardless of the age of the petitioner, is whether there was an abuse of discretion. *In re Change of Name of Zachary Thomas Andrew Grimes to Zachary Thomas Andrew Grimes–Palaia*, 609 A.2d 158, 159 n.1 (Pa. 1992). An abuse of discretion exists if the trial court has overridden or misapplied the law, or if the evidence is insufficient to sustain the order. *Doran v. Doran*, 820 A.2d 1279, 1282 (Pa. Super. 2003). Further, resolution of factual issues is for the trial court, and a reviewing court will not disturb the trial court's findings if those findings are supported by competent evidence. It is not enough for reversal that we, if sitting as a trial court, may have made a differing finding or reached a different result. *Id*.

The statute pertaining to name changes provides: "The court of common pleas of any county may by order change the name of any person resident in the county." 54 Pa.C.S.A. § 702(a). Other than providing for the granting of a petition in the absence of any lawful objection, the statute sets forth no standards for the court's exercise of its discretion. Our Supreme Court has directed the lower courts to exercise their discretion, in name change cases, in such a way as to "comport with good sense, common decency and fairness to all concerned and to the public." **Petition of Falcucci**, 50 A.2d 200, 202 (Pa. 1947).

In 1992, the Pennsylvania Supreme Court declared that when considering a contested petition to change the name of a minor child, the best interest of the child is the standard by which a trial court exercises its discretion. **See Grimes**, 609 A.2d at 161 (Pa. 1992) (citing comprehensive list of jurisdictions that apply best interest of child standard).[3] In adopting the "best interests of the child" standard, our Supreme Court stated:

> *The statutory scheme sets forth no criteria for the court to consider when exercising its discretion upon a petition for change of name*. The only prohibition within the statute appears at § 705: "Any person violating the provisions of this chapter for purpose of avoiding payment of taxes or other debts commits a summary offense." . . . Specific guidelines [for a child's best interests] are difficult to

---

[3] **But see Belotti v. Baird**, 443 U.S. 622, 655-56 (1979) (Stevens, J., concurring) (criticizing standard because judges have proposed different and frequently conflicting subjective factors for deciding whether particular name is in child's best interest).

establish, for the circumstances in each case will be unique, as each child has individual physical, intellectual, moral, social and spiritual needs. However, *general considerations should include the natural bonds between parent and child, the social stigma or respect afforded a particular name within the community, and, where the child is of sufficient age, whether the child intellectually and rationally understands the significance of changing his or her name.*

*Id.* at 160, 161 (emphasis added). The Court further stated: "Beyond requiring compliance with the notice provisions, the statute provides no additional guidance for courts considering petitions for change of name."

*Id.* at 160 (quoting **Petition of Falcucci**, **supra** at 202. **See also In re Change of Name of E.M.L. to E.M.S.**, 19 A.3d 1068 (Pa. Super. 2011).

In **In re: C.R.C.**, 819 A.2d 558 (Pa. Super. 2003), this Court stated that the party petitioning for the minor child's change of name has the burden of coming forward with evidence that the name change would be in the child's best interest. *Id.* at 560. Further, where a petition to change a child's name is contested, the court must carefully evaluate all of the relevant factual circumstances to determine if the petitioning parent has established that the change is in the child's best interest. *Id.*; **see also Petition of Christjohn**, 428 A.2d 597 (Pa. Super. 1981).

Here, the trial court concluded that Father did not meet his burden of showing that the proposed name change was in the child's best interests. Instead, the court determined that Father sought to change the child's name to further his own interest in the survival of his surname. With the above

considerations and standards in mind, we conclude that the trial court did not abuse its discretion in denying Father's petition for name change.

The trial court found that Father's preference that his surname carries on was insufficient to establish by a preponderance of the evidence that a name change was in the child's best interests. Father stated that the child has a half-sister with Father's surname, and that his name is known in the community because he coaches youth sports and intends to coach his son. N.T. Hearing, 1/9/15, at 13-16. Father also stated at the hearing that his motivation for the name change was for his son "to be able to identify with two people that are very big parts of his life, myself and his only sibling." *Id*. at 14. However, the trial court did not find this testimony credible. *See* Trial Court Opinion, 4/2/15, at 6. On the contrary, the trial court found Father's "credible evidence established that he sought to change child's name to further his own interest in the survival of his surname, and because he believes children should have their father's last name." *Id*. at 4. *See In re: Name Change of C.R.C.*, 819 A.2d 558 (Pa. Super. 2003) (tradition and custom of "patrilineal naming" does not justify conclusion that name change is in child's best interest).

Father's testimony is replete with references to his own desires, beliefs and concerns, including testimony that his "only son is able to carry on" his family name, and his belief that his son may be "embarrassed" or "bullied" if he has a different surname than Father. N.T. Hearing, *supra* at 12-15. Although we do not disagree that these concerns and considerations are of

great significance to Father regarding his son, Father offered minimal support for the more relevant issue of whether the name change would affirmatively be in the child's best interest.

Our Supreme Court has not provided definitive factors to consider in a name change case, instead requiring only that the courts consider the natural bonds between parent and child, the social stigma or respect afforded a particular name within the community, and, where the child is of sufficient age, whether the child intellectually and rationally understands the significance of changing his or her name. **Grimes**, **supra**. Here, the trial court found Father presented no evidence that changing the child's surname would strengthen his current, admittedly strong bond with the child. Further, Father presented no evidence that the child's name compromised the child's bond with him or with his half-sister. The court also found speculative Father's testimony that his surname was afforded respect in the community beyond that afforded to child's current surname.

The court acknowledged that Father presented evidence that he had shared legal and physical custody of the child, however, this alone does not provide sufficient evidence that a name change is in the child's best interest.[4] In light of the growing prevalence of blended families and the

_____

[4] Other jurisdictions have set forth more specific criteria to guide the best interest analysis in a name change case. In New Jersey, the supreme court enumerated certain factors courts should consider in applying the best interest test, including the following: the length of time the child has used
*(Footnote Continued Next Page)*

his or her given surname; identification of the child with a particular family unit; potential anxiety, embarrassment, or discomfort that may result from having a different surname from that of the custodial parent; child's preference if the child is mature enough to express a preference; parental misconduct or neglect, such as failure to provide support or maintain contact with the child; degree of community respect, or lack thereof, associated with either paternal or maternal name; improper motivation on the part of the parent seeking the name change; whether the mother has changed or intends to change her name upon remarriage; whether the child has a strong relationship with any siblings with different names; whether the surname has important ties to family heritage or ethnic identity; and the effect of a name change on the relationship between the child and each parent. ***Emma v. Evans***, 215 N.J. 197, 223 (2013).

In New York, in ***In the Matter of Mariah Ruby Eberhardt***, 83 A.D.3d 116, 123-24, 920 N.Y.S.2d 216, 221 (2011), the court stated that among the myriad of factors a court may consider, several warranted special mention:  the extent to which a child identifies with and uses a particular surname; the child's expressed preference, if of sufficient age and maturity to articulate a basis for preferring a particular surname; whether the child's surname differs from the surname of the custodial parent; the effect of the proposed name change on the child's relationship with either parent; whether the child's surname is different from any of her siblings and the degree to which she associates and identifies with siblings on either side of her family; whether the child is known by a particular surname in the community; the misconduct, if any, of a parent, such as the failure to support or visit with the child; and the difficulties, harassment, or embarrassment that the child may experience by bearing the current or proposed surname.

In Ohio, the June 29, 1982 enactment of R.C. 3111.13(C) (139 Ohio Laws, Part I, 2170, 2187, 2188), authorizes a name change that is in "the best interest of the child."  The Supreme Court of Ohio, in ***Bobo v. Jewell***, 38 Ohio St.3d 330, 335, 528 N.E.2d 180, 185 (1988), set forth the following factors to guide the best interest analysis:

> The length of time that the child has used a surname, the effect of the change on the father-child relationship and on the mother-child relationship, the identification of the child as part of a family unit, the embarrassment, discomfort or inconvenience that may result when a child bears a surname different from the

evolving definition of the family structure, we are unable to evaluate the fact that Father shares equal custody with Mother as anything but neutral. Absent legislative guidance, we refuse to assign greater weight to a shared custody award.

Because we are bound by the court's credibility findings that are supported in the record and our narrow standard of review, we conclude that the trial court did not abuse its discretion in concluding that Father failed to meet his burden of establishing that a name change was in the child's best interest. *See D.K. v. S.P.K*., 102 A.3d 467, 478 (Pa. Super. 2015) (in light of appellate court's deferential review of trial court's factual findings and determinations of weight and credibility, we must accept findings and determinations supported in certified record); *Petition of Schidlmeier by Koslof*, 496 A.2d 1249 (Pa. Super. 1985) (father's allegation that name change was in child's best interest did not meet burden of proof and trial court's rationale that tradition and custom supported name change was not

_____
*(Footnote Continued)*

    custodial parent's, the preference of the child if the child is of an age and maturity to express a meaningful preference, and any other factor relevant to the child's best interest.

*Id*. at 335, 528 N.E.2d at 185.

While none of these decisions is binding on the case before us, they are instructive. Nonetheless, we leave it to our legislature to revisit section 702(a).

legally sufficient to sustain conclusion that name change was in child's best interests).

We conclude, therefore, that the evidence of record is sufficient to support the trial court's findings, and, therefore, we find no abuse of discretion in the trial court's decision to deny Father's petition for name change. **Grimes**, **supra**.

In his final two issues, Father argues that the court erred in not evaluating the statutory factors in determining custody, **see** 23 Pa.C.S.A. § 5328, and in denying reconsideration and thus not fulfilling "the duty of the trial court to make the fullest record possible inquiry in custody actions." **See** Appellant's Brief, at 11, quoting **Moore v. Moore**, 634 A.2d 163, 167 (Pa. 1993). We find no error.

Father mischaracterizes this action; it is a name change proceeding, not a custody proceeding. The sixteen factors listed in section 5328 of the Child Custody Act are specific to the best interest analysis in a custody determination. **See** 23 Pa.C.S.A. § 5328 (factors to consider when awarding custody). Further, as noted above, an order denying reconsideration is not reviewable on appeal. **See** note 1, **supra; Provident Nat'l Bank**, **supra**.

Order affirmed. Appeal docketed at 336 WDA 2015 is quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/10/2015