J-A01026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE:  T.J.B. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF:  J.L.G., NATURAL MOTHER | No. 1193 WDA 2016 |

Appeal from the Order Entered June 15, 2016
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2016-722

BEFORE:  BOWES, OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 23, 2017**

J.L.G. ("Mother") appeals from the order entered on June 15, 2016 which denied her petition to change the name of her three-year-old son, T.J.B. ("Child").[1]  We affirm.

The factual background and procedural history of this case are as follows.  On August 22, 2002, TJ Baumgart ("Father") was convicted of sexual battery.[2]  ***See Virginia v. Baumgart***, CR02050960-00 (Va. Cir. Ct.).  As a result of that conviction, Father is required to register as a sex offender.  ***See*** Va. Code. Ann. § 9.4-900 *et seq*.  In October 2017, Father will be eligible to petition the Franklin County Circuit Court to remove his name from the sex offender registry and relieve him of any further obligation to register.  ***See*** Va. Code. Ann. § 9.4-910.

---

[1] We avoid inclusion of Child's name in this memorandum in order to prevent the harm discussed ***infra*** at page 4.

[2] Va. Code Ann. § 18.2-67.4.

* Retired Senior Judge assigned to the Superior Court

Mother and Father met in May 2011. Although they never married, Child was born in June 2013. At that time, Mother was aware of Father's status as a registered sex offender. Nonetheless, Mother chose Child's name and placed it on his birth certificate. In September 2013, Father and Mother ended their relationship.

On February 8, 2016, Mother filed the instant petition requesting that Child's name be changed to T.J.G.[3] On June 3, 2016, the trial court held a hearing on Mother's petition. On June 15, 2016, the trial court denied the petition. This timely appeal followed.[4]

Mother presents one issue for our review:

Whether the trial court abused its discretion and committed an error of law in denying the petition for name change. . . ?

Mother's Brief at 7.[5]

---

[3] The proposed name change would include the same first and middle names and substitute Mother's last name for Father's last name.

[4] The trial court did not order Mother to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b).

[5] We could dismiss this appeal because of Mother's numerous violations of the Pennsylvania Rules of Appellate Procedure. **See** Pa.R.A.P. 2101. Specifically, Mother's statement of the case does not include "[a] closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy[.]" Pa.R.A.P. 2117(a)(1). Moreover, Mother's reproduced record does not "contain a full and complete table of contents," Pa.R.A.P. 2174(a), "[t]he relevant docket entries," Pa.R.A.P. 2175(a)(1), the required page numbering, **see** Pa.R.A.P. 2173, nor the notes of testimony from the hearing on Mother's petition. **See Rosselli v. Rosselli**, 750 A.2d 355, 359 (Pa. Super. 2000), *appeal denied*, 764 A.2d 50 (Pa. 2000). We exercise our discretion, however, and address the merits of Mother's lone appellate issue.

We review a trial court order granting or denying a name change petition, regardless of the age of the petitioner, for an abuse of discretion. *In re E.M.L.*, 19 A.3d 1068, 1069 (Pa. Super. 2011) (citation omitted). As this Court has explained:

> when considering a contested petition to change the name of a minor child, the best interest of the child is the standard by which a trial court exercises its discretion. . . . [G]eneral considerations should include the natural bonds between parent and child, the social stigma or respect afforded a particular name within the community, and, where the child is of sufficient age, whether the child intellectually and rationally understands the significance of changing his or her name.

*T.W. v. D.A.*, 127 A.3d 826, 828 (Pa. Super. 2015) (internal citations and paragraph break omitted; emphasis removed). The petitioner bears the burden of proving that a name change is in the child's best interest. *See In re C.R.C.*, 819 A.2d 558, 560 (Pa. Super. 2003).

Mother first contends that the trial court applied the wrong legal standard when ruling on her petition; however, the trial court recited the correct standard as set forth in *T.W. See* Trial Court Order, 6/15/16, at 2 (Trial court must evaluate Child's best interest and, in so doing, it must consider the bond between Father and Child and the social stigma or respect afforded Child's name within the community, and whether Child intellectually and rationally understands the significance of changing his name). The trial court then analyzed whether changing Child's name was in his best interest, including examining the three factors set forth in *T.W.*

As to the merits of the trial court's determination, Mother argues that the social stigma associated with Child's name weighed heavily in favor of a name change. This argument fails for four reasons. First, as the trial court noted in its order, Mother presented no evidence that any of Child's friends, their parents, or members of the Washington County community are aware of Father's conviction for sexual battery.[6] Thus, Mother failed to demonstrate social stigma attached to Child's last name. Second, Mother knew of Father's status as a registered sex offender at the time Child was named. It is somewhat disingenuous for Mother to now argue that Child's name is a social stigma when she chose Child's name at the time he was born with full knowledge of Father's status. Third, Father will be eligible to petition for removal of his name from the sex offender registry later this year. Finally, and most importantly, Father and Child do not share the same name. Father's legal name is "TJ" while Child's legal name consists of separate first and middle names. Mother relies upon Google search results for Father's exact name in support of her argument that Child's name has a negative stigma in the community. She did not present any search results for Child's full name; however, we take judicial notice that a Google search for Child's full name does not display any results referencing Father's sexual

---

[6] Mother also mentions in passing a West Virginia court proceeding in her brief. *See* Mother's Brief at 10. She fails, however, to develop this argument or cite to any portion of the record which supports this argument. As such, it is waived. *See* Pa.R.A.P. 2101, 2119(a).

battery conviction or any other results related to Father. ***See*** Pa.R.Evid. 201(b)(2).

For the reasons set forth above, we conclude that the trial court did not abuse its discretion when it examined whether Child's name has a negative social stigma attached to it. Mother presents no argument related to Father and Child's relationship or Child's understanding of the significance of changing his name. Accordingly, we conclude that the trial court did not abuse its discretion in finding that Mother failed to prove that changing Child's name is in his best interest.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2017