J-S07034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE:  PETITION OF A.K., Parent of S.S. | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF:  E.S. | : | No. 1239 MDA 2016 |

Appeal from the Order entered June 27, 2016
in the Court of Common Pleas of Lackawanna County,
Civil Division, No(s):  2016-CV-2033

BEFORE:  BOWES, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J:                    **FILED APRIL 13, 2017**

E.S. ("Father") appeals the Order granting the Petition filed by A.K. ("Mother") to change the name of the parties' male child, S.S. ("Child"), to combine the surnames of Father and Mother.  We affirm.

Mother and Father are the biological parents of Child, a minor (born 8/24/14).[1]  At birth, Child was given Father's surname.  Mother has two children from a prior marriage, who share her surname.  Mother filed a Petition seeking to change Child's surname from "S." to "K.-S.," so that Child would share not only Father's surname, but also the surname of Mother and Child's maternal siblings.  Father filed Objections to the Petition.  Following a hearing, the trial court entered an Order on June 27, 2016, overruling Father's Objections, and granting Mother's Petition.  Father filed a timely Notice of Appeal.

---

[1] Mother and Father were never married.

On appeal, Father raises the following issue for our review: "Whether the trial court abused its discretion in granting Mother's Petition for Change of the name of the Child[,] where Mother presented no credible or competent evidence to establish that the change of name is in the best interest of [C]hild?" Father's Brief at 5.

Father contends that Mother presented no competent evidence that the change of name is in Child's best interest. *Id*. at 17. Father asserts that the testimony considered by the trial court consisted solely of Mother's "desires, beliefs, concerns and unfounded speculation that Child will endure life[-]long interrogation about why his name differs from Mother and his maternal siblings." *Id*. Father claims that Mother failed to testify to any difficulties caused by the difference in surnames between her and Child. *Id*. Father argues that Mother's concerns are disingenuous because she testified that Child is bonded with Mother and his maternal siblings. *Id*. at 17-18. Father contends that Mother presented no evidence that there is a stigma attached to Father's surname, nor any evidence that Mother's surname is held in a higher regard in the community. *Id*. at 18. Father further contends that Mother presented no evidence that a name change to include Mother's surname is necessary to solidify the bond between Mother and Child, or that it will protect Child's physical, mental or emotional well-being. *Id*. at 19. Father claims that the trial court abused its discretion by granting Mother's Petition. *Id*. at 20.

Our standard of review involving a petition for change of name, regardless of the age of the petitioner, is whether there was an abuse of discretion. An abuse of discretion exists if the trial court has overridden or misapplied the law, or if the evidence is insufficient to sustain the order. Further, resolution of factual issues is for the trial court, and a reviewing court will not disturb the trial court's findings if those findings are supported by competent evidence. It is not enough for reversal that we, if sitting as a trial court, may have made a differing finding or reached a different result.

*T.W. v. D.A.*, 127 A.3d 826, 827 (Pa. Super. 2015) (internal citations omitted).

In its Opinion, the trial court addressed Father's issue, and determined that a name change would be in Child's best interest, as it would solidify his relationship with Mother and Mother's family, including his maternal siblings. *See* Trial Court Opinion, 9/27/16, at 1. Because we are bound by the trial court's credibility findings that are supported in the record, and our narrow standard of review, we conclude that the trial court did not abuse its discretion in concluding that Mother met her burden of establishing that a name change was in Child's best interest. *See id*., *see also D.K. v. S.P.K.*, 102 A.3d 467, 478 (Pa. Super. 2015) (holding that in light of the appellate court's deferential review of trial court's factual findings and determinations of weight and credibility, we must accept findings and determinations supported in the certified record).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2017

IN RE:                           A.K.
PETITION OF                                      : IN THE COURT OF COMMON PLEAS
As                                               : OF LACKAWANNA COUNTY
Parent and Natural Guardian of S.S.    :    No. 2016-CIV-2033

RECORDS CIVIL DIVISION

**OPINION**

**HARHUT, S.J.**

This case concerns the name change of a minor child. **A.K.** (hereinafter "Mother") and **E.S.** (hereinafter "Father") are the natural parents of S.S. (hereinafter "child"), who was born on August 21, 2014. Mother filed a Change of Name Petition on March 22, 2016. Father filed Objections of **E.S.** to the Petition of **A.K.** to Change the Name of **S.S.**, A Minor on May 26, 2016. A hearing was held on the matter on June 21, 2016 before this Jurist. This Court entered an Order dated June 27, 2016 granting the name change. Father filed a Notice of Appeal on July 26, 2016.

The standard for name change of a minor is best interest of the child when considering the natural bonds between parent and child, the social stigma or respect afforded to a particular name within the community, and, where the child is of sufficient age, whether the child intellectually and rationally understands the significance of changing his or her name. *In re Name Change of C.R. C.*, 819 A.2d 558, 561 (2003). In this case, the child has natural bonds with both parents. Changing the child's name to include Mother's surname will not hinder the child's relationship with Father, rather it will solidify his relationship with Mother and Mother's family, including his two half brothers. Father presented evidence regarding the social stigma for his surname, but there was no evidence presented that the name "**K.**" lacks any respect in the community or otherwise. Finally, the child is not of a sufficient age to understand the significance of changing his name.

83

Based on the foregoing, this Court granted Mother's Change of Name Petition as it is in the best interest of the child.

BY THIS COURT:

DATE: _____

_____, S.J.
CHESTER HARHUT

2

84