J-S37009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: NAME CHANGE OF: A.G.S., A MINOR BY C.B. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| APPEAL OF: K.S. | |
| | No. 1993 MDA 2016 |

Appeal from the Order Entered November 4, 2016
In the Court of Common Pleas of Lancaster County
Civil Division at No: CI-16-01409

BEFORE:  STABILE, MOULTON, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:               **FILED AUGUST 21, 2017**

Appellant, K.S., appeals *pro se* from the November 4, 2016 order permitting Appellant's son, A.G.S. ("Child"), to change his surname.  We affirm.

On February 19, 2016, C.B. ("Petitioner"), maternal grandmother of Child, filed a petition to change Child's surname to "B_____," after Petitioner and S.B. ("Mother").  Appellant is serving life in prison without parole for the murder of Mother, to whom Appellant was never married.  The murder took place when Child was approximately six months old.  Child has been in Petitioner's custody since the day of the murder.  The trial court conducted a hearing on November 3, 2016, at which Appellant participated by video conference from SCI Camp Hill. As recounted by the trial court, Petitioner

testified that the murder of Mother received significant local media coverage, to the detriment of Child's emotional well-being. The Petitioner also expressed concern about [Child's] abuse and harassment from other kids. Petitioner further testified that Appellant on several occasions denied his parentage of Child. Petitioner therefore believes it is in Child's best interests to share a surname with Petitioner and Mother rather than Appellant. Appellant testified that he never denied he was Child's father, and that his conviction remains pending on collateral review. Thus, he opposed the name change petition.

On November 4, 2016, the trial court entered an order granting the name change petition. Appellant raises three assertions of error in this timely appeal:

> I. Did the trial court erred and abused [sic] its discretion by finding a name change to be in [Child's] best interest, due to prejudice, bias, or ill-will towards [Appellant?]
>
> II. Did the trial court erred and abused [sic] its discretion by failing to find [Petitioner's] reluctance to use [Appellant's] surname for [Child] was rooted in hostility, animosity, and vindictiveness towards [Appellant?]
>
> III. Did the trial court erred and abused [sic] its discretion by not having the hearing postponed until after the disposition of Appellant's PCRA, which is still pending review[?]

Appellant's Brief at 4.

We will address the first two contentions together. Pennsylvania permits name change by order of court. 54 Pa.C.S.A. § 702. The statute provides no criteria but, in cases involving a minor child, our Courts have

held that the trial court must consider the child's best interests. "Specific guidelines [for a child's best interests] are difficult to establish, for the circumstances in each case will be unique, as each child has individual physical, intellectual, moral, social and spiritual needs." **T.W. v. D.A.**, 127 A.3d 826, 828 (Pa. Super. 2015) (quoting **In re Change of Name of Zachary Thomas Andrew Grimes to Zachary Thomas Andrew Grimes–Palaia**, 609 A.2d 158, 161 (Pa. 1992) (plurality)).

> [G]eneral considerations should include the natural bonds between parent and child, the social stigma or respect afforded a particular name within the community, and, where the child is of sufficient age, whether the child intellectually and rationally understands the significance of changing his or her name.

**Id.** The party seeking the name change bears the burden of producing evidence that the name change is appropriate. **Id.**

We review the trial court's decision for abuse of discretion:

> Our standard of review involving a petition for change of name, regardless of the age of the petitioner, is whether there was an abuse of discretion. An abuse of discretion exists if the trial court has overridden or misapplied the law, or if the evidence is insufficient to sustain the order. Further, resolution of factual issues is for the trial court, and a reviewing court will not disturb the trial court's findings if those findings are supported by competent evidence. It is not enough for reversal that we, if sitting as a trial court, may have made a differing finding or reached a different result.

**Id.** at 827.

In **In re Christjohn**, 428 A.2d 597 (Pa. Super. 1981), this Court considered facts very similar to those before us. There, child's mother petitioned to change the child's surname after the child's father killed the

child's stepfather. *Id.* at 598. The mother had taken the stepfather's surname, and she wanted the child to do the same. The child suffered significant emotional trauma after the death of her stepfather. *Id.* We wrote that "[t]he notoriety and truculence of [the father's] shooting of [the stepfather] subjected [the child] to emotional stress and resulted in the cessation of all contact between father and daughter." *Id.* at 599. We therefore affirmed the order granting the name change. *Id.*

*Christjohn* is highly instructive in the instant matter. The trial court offered these observations, all of which are supported in the record:

> In the present case, this court determined that [Petitioner] did meet her burden of showing a name change was in her grandson's best interest. In her testimony, [Petitioner] expressed concern about harassment, embarrassment, and abuse towards [Child] from other kids because of publicity surrounding the murder of his mother, the fact that [Child] has the same last name as Appellant, and the knowledge that his father killed his mother. [Petitioner] also discussed her grandson's mental health, and the fact that [Child] has struggled to feel secure. As noted by [Petitioner], changing the last name from [S_____] to [B_____] is essential to protecting [Child's] mental and emotional well-being.

Trial Court Opinion, 1/3/17, at 8. Further, the court noted that the name change would have no detrimental effect on the relationship between Appellant and [Child], as child was an infant when he was removed from Appellant's custody and Appellant is in prison for life. We discern no abuse of discretion in the trial court's decision to grant the name change under these circumstances.

Similarly, we discern no abuse of discretion in the trial court's decision to grant the name change prior to the conclusion of Appellant's collateral attack of his murder conviction. Appellant was convicted of the murder of Mother, and that conviction was affirmed on direct appeal. We can conceive of no reason why Child should continue to bear Appellant's surname until an uncertain future date when Appellant has no further collateral petitions pending.

In summary, Appellant's *pro se* brief offers no coherent basis for reversing the trial court's order. We conclude that the trial court acted within its permissible discretion in granting the petition, and we therefore affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2017