J-S68023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EARL BISBING, JR., AND BETH BISBING | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRUCE KUGLER AND LORI KUGLER | : | |
| | : | No. 227 MDA 2017 |
| Appellants | : | |

Appeal from the Order Entered December 30, 2016
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
9115 of 2015

BEFORE:   LAZARUS, J., DUBOW, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED DECEMBER 28, 2017**

Appellants, Bruce Kugler and Lori Kugler, appeal from the Order entered in the Luzerne County Court of Common Pleas on December 30, 2016, granting Beth Bisbing's Petition for Contempt and Possession of Real Estate.  We dismiss this appeal.

The facts are not relevant to our disposition.[1]  Instantly, we recognize that, "appellate briefs and reproduced records must materially conform to

---

[1] Briefly, the Kuglers rented a residential property from the Bisbings.  On May 20, 2016, the court ordered the Kuglers to either purchase the property within 60 days, or permit the Kuglers and a real estate agent to access the property so that they could prepare a listing agreement to market and sell the property.  On November 14, 2016, Beth Bisbing filed a Petition for Contempt and Possession of Real Estate alleging that the Kuglers failed to comply with the May 20, 2016 Order.  Following a hearing, the trial court granted the Bisbing's Motion.  This appeal followed.

---

*   Retired Senior Judge assigned to the Superior Court.

the requirements of the Pennsylvania Rules of Appellate Procedure." *Commonwealth v. Adams*, 882 A.2d 496, 497 (Pa. Super. 2005) (citations omitted). If an appellant "fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure[,]" we may quash or dismiss the appeal. *Id.*

Our Pennsylvania Rules of Appellate Procedure and our case law provide the well-established requirements for preserving a claim for appellate review. This Court will address only those issues properly presented and developed in an appellant's brief as required by our rules of appellate procedure, Pa.R.A.P. 2101. "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived." *Karn v. Quick & Reilly Inc.*, 912 A.2d 329, 336 (Pa. Super. 2006) (citation omitted). *See also* Pa.R.A.P. 2111-2119 (discussing required content of appellate briefs and addressing specific requirements of each subsection of brief on appeal). Where defects in a brief "impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007).

To properly develop an issue for our review, Appellant bears the burden of ensuring that his argument section includes references to the record and citations of pertinent authorities as well as discussion and analysis of the authorities. *Id.* at 771; Pa.R.A.P. 2119(a). As this Court has

made clear, we "will not act as counsel and will not develop arguments on behalf of an appellant." **Hardy**, 918 A.2d at 771.

Appellants' Brief is woefully inadequate. In the Brief's Statement of Jurisdiction and "Order in Question," Appellants aver that this Court has jurisdiction over this "appeal from a Final Order dated January 27, 2017. . ." denying Appellants' Motion for Reconsideration.[2] However, Appellants' representations that they are appealing from the Order denying reconsideration contradict their Notice of Appeal, which cites the December 30, 2016 Order granting Beth Bisbing's contempt Petition as the Order from which they have taken this appeal. Additionally, Appellants' Brief fails to conform to our Rules of Appellate Procedure as it does not contain a copy of Appellants' Pa.R.A.P. 1925(b) Statement or the trial court's Order. **See** Pa.R.A.P. 2111(a)(10), (11), and (b).

Most significantly, despite having set forth four questions for this Court's review in their Statement of Questions involved, Appellants have not divided the argument section of their Brief "into as many parts as there are questions to be argued." **See** Pa.R.A.P. 2119(a). Instead, Appellants' have presented the four questions together in one, two-page section, which is

_____

[2] Moreover, it is well-established that orders denying reconsideration are not appealable. **T.W. v. D.A.**, 127 A.3d 826, 826 n.1 (Pa. Super. 2015). Rather, the appeal properly lies from the underlying final order itself.

replete with mere conclusions of law without any application to the facts of this case or the Order on appeal.

Last, in the section of Appellants' Brief titled "Law & Argument," there is no substantive argument pertaining to the court's contempt Order. ***See*** Appellant's Brief at 8-9. Instead, Appellants baldly assert that the Landlord Tenant Act is the "exclusive remedy for a Landlord seeking to vindicate his rights." ***Id.*** at 8.

These substantial omissions preclude meaningful review. Accordingly, we dismiss this appeal. ***See Adams***, ***supra***; Pa.R.A.P. 2101.

Appeal dismissed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/28/17