J-S07018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: G.J.N., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: R.E.S., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1730 MDA 2018 |

Appeal from the Order Entered October 10, 2018
In the Court of Common Pleas of Mifflin County Civil Division at No(s):
2018-845

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JUNE 04, 2019**

R.E.S. ("Father") appeals from the order denying his petition to change the name of his minor child G.J.N. ("Child"). Father claims the trial court abused its discretion when it found the name change would not be in Child's best interest. We affirm.

Child, born February 2013, is the natural child of Father and C.R.K. ("Mother"). Mother and Father were not in a relationship at the time of Child's birth, and Father contested paternity. Mother named Child, and gave Child her last name. Following paternity testing, Father was found to be Child's father. Mother and Father share physical custody of Child, with an alternate-week schedule.

On July 20, 2018, Father filed a Petition for Change of Minor's Name. He alleged it was in Child's best interest to change Child's last name to Father's last name because Father has a significant bond and relationship with Child

_____

* Retired Senior Judge assigned to the Superior Court.

and because his paternity has been confirmed. Father claimed Child identified himself by use of Father's last name. He further averred that Mother married and changed her name and therefore no longer has the same last name as Child. Father also sought "to change [Child's] middle name." Petition to Change Minor's Name, filed July 20, 2018, at ¶ 6.

Mother filed a Petition to Appoint Guardian Ad Litem. The trial court granted the Petition and appointed a guardian ad litem ("GAL").

The trial court held a hearing on the Petition for Change of Minor's Name. Father testified that in the beginning of the pregnancy he and Mother agreed that Father would choose the name if the child was a boy and Mother would choose the name if the child was a girl. N.T., 10/2/18, at 10. He said that he was at the hospital when Child was born, but Mother did not want him involved in naming Child and he was not listed on the birth certificate. *Id.* at 10-11, 14. Father testified he denied paternity because Mother had told him that he might not be the father. *Id.* at 24. Father testified that he has been involved in Child's life since Child's birth. *Id.* at 9.

Father stated he believed changing Child's name would be in Child's best interest because Child does not have the same last name as either Mother or Father and "he's my heir. He's my son." *Id.* at 16. Father stated that Child has asked why he does not have the same last name as Mother or Father. *Id.*

Father testified he believed changing Child's middle name to E. would be in Child's best interest because "[t]hat's what I wanted to have him have it in the beginning. When . . . our deal was I get to name the boy, it was gonna

be [E.]. And it's my family name as well. We have several in the family that have that middle name." *Id.* at 19. He further stated that if Child's middle and last name were changed to E.S. "it would be my grandfather. What he calls pap pap[, whom] he loves dearly." *Id.* at 20. Father testified that his father's name was R.S., Jr., that he has not seen his father in three years, and that Child has not seen R.S., Jr., in three to four years. *Id.* at 32. Father testified that he and Child shared a strong bond. *Id.* at 37.

Father stated that neither his last name nor Child's current last name have any stigma or bad association attached. *Id.* at 32. Father further agreed that it was embarrassing that Child did not have the same last name as Father and stated, "He's my son. He should have my last name." *Id.* at 36.

Mother testified that she married after Child's birth and her last name is now K. *Id.* at 39-40. She stated Child's middle name is a family name, as it was her grandfather's middle name and her father and brother's first name, and that Child and her grandfather shared a birthday. *Id.* at 41. She testified that Child had a "great" relationship with her father. *Id.*

Mother testified she never told Father that Child was not his child. *Id.* at 43. She stated Father came to the hospital for Child's birth, but he was "causing issues" at the hospital and was "escorted out by security three times." *Id.* at 44. She stated she chose Child's name and did not list Father on the birth certificate. *Id.* Father filed for a paternity test, which confirmed that he was the father. *Id.*

Mother testified that she and Father had discussions about names, but never agreed on a name if the child was a boy. *Id.* at 50.

Mother testified that Child is enrolled in school and there is no stigma attached to Child's or Father's last name. *Id.* at 50, 45-46. She stated Child knows his middle name and knows of the association with the N. family. *Id.* at 45-46. She stated Child knows his name and "[t]here's] no reason for it to be changed at this point." *Id.* at 46.[1]

The GAL also testified. He stated he met with Mother, Father, and Child. He stated Child was "a very personable and verbal young man," and that Child said, "[M]y name is [G.J.N.], but when I'm at my dad's my name is [G.E.S.]." *Id.* at 58. The GAL stated that he believed Child would be comfortable with either name but it would be "in his best interests that he not have to consider himself having two names. And, therefore, I think his dad's name should be somewhere in there. Whether it's [G.J.S.,] [G.J.N.-S.,] [S.-N.]." *Id.* The GAL stated parents "have equal rights" and "[D]ad's not in there anywhere. And he's as interested a father as I've seen in my years of practice." *Id.* at 59.

The trial court denied the Petition for Change of Minor's Name. It found:

> [Child] was born [in February 2013]. At the time of his birth, [Father] and [Mother] were no longer together romantically. At the time of birth, [Father] questioned whether the baby was his and requested that a paternity test be taken. For this reason, [Mother] chose not to list [Father] on the birth certificate. [Father] was later proven to be the father of [Child] by DNA testing through the Domestic Relations

---

[1] Mother also testified that she was looking into changing her last name to N-K.

Office. [Father] has been involved in the child's life since birth and is requesting that the child's name be changed to reflect [Father's] middle name and surname, [E.S.]. [Father] avers that it is in [Child's] best interest to have his middle and surname changed, as his Mother was recently married and no longer carries the surname N[.] [Father] believes not having Father or Mother's last name will cause [Child] confusion in the future. Furthermore, [Father] believes that the child should have his middle name and surname because he is his heir and it is embarrassing for him that the child's name is different from his own.

[Mother] testified that [Child] was named after his [m]aternal great-grandfather, [H.J.N.]. [J.] is a family name and [Mother's] father and brother carry the name [J.N.]. While Mother does not share [Child's] surname, [Child] has a whole family who share his name and have a close and loving relationship with him.

While [Father] avers that [E.S.] is also a family name, [Father] does not have a relationship with his father and [Child] has not seen his paternal grandfather in three years. Furthermore, [Child's] relationship with paternal great-grandfather is limited. While [Child] does spend a lot of time with paternal grandmother, her last name is [W.] Further, while [Father] avers that not having his father['s] or mother['s] surname will cause the child confusion, [Child] is very open and outspoken about his name being [G.J.N.]. If [Child] has experienced any confusion, it has derived from [Father]. As stated in this Court's Custody Opinion, dated April 9, 2018, Father has told [Child] that he is a [S.] when he is in Father's custody and has gone so far as to aver that a maternal cousin of [Child's] is not his cousin.

Based upon evidence presented, the Court finds that [Father] failed to meet his burden of showing that a name change is in [Child]'s best interest. [Father] focused on his own best interest, rather than the child's stating it was an embarrassment for him not to share the same name as his child. However, [Father's] best interest is not the focus. [Child] is familiar with his name and has family who are actively involved in his everyday life who share the name [J.N.]. [Child] can be assured of his belonging because of this connection. Furthermore, the Court finds there is not a

social stigma attached to his name. For this reason, [Father's] request is denied.

Trial Court Order, filed Oct. 9, 2018, at 2-3.

Father filed a timely Notice of Appeal. He raises the following issues:

> I. Did the trial court abuse its discretion in finding that Father did not meet his burden of proof in showing it was in the minor child's best interests to change his surname to that of his father's?
>
> II. Did the trial court abuse its discretion in finding that it was not in the best interest of the minor child to change his surname to that of his father's when the court's ruling failed to comport with good sense, common decency and fairness to all concerned?

Father's Br. at 5 (suggested answers and some capitalization omitted).[2]

Father first argues the trial court abused its discretion in denying Father's Petition to change Child's name. He argues the trial court abused its discretion in ignoring the recommendation of the GAL and Father's evidence. He notes the GAL testified that it was in Child's best interest to change his name to Father's surname or to have some part of Father's name. He notes that Father has a close relationship with Child and a name change will not cause Child any confusion. He claims the trial court erred in referencing Father's and Child's relationship with Father's extended family, because what matters is Child's bond with Father.

We review an order granting or denying a petition for change of name for an abuse of discretion. *In re E.M.L.*, 19 A.3d 1068, 1069 (Pa.Super.

---

[2] Although the GAL testified that he believed the name change would be in Child's best interest, in the brief to this Court, the GAL stated that he did not believe the trial court abused its discretion in denying the petition.

2011). Where the petition seeks to change the name of a minor child, "the best interest of the child should be the standard by which a trial court exercises its discretion." *Id.* The party petitioning for a change of a minor's name "has the burden of coming forward with evidence the name change requested would be in the child's best interest" *Id.* (quoting *In re C.R.C.*, 819 A.2d 558, 560 (Pa.Super. 2003)). "[W]here a petition to change a child's name is contested, the court must carefully evaluate all of the relevant factual circumstances to determine if the petitioning parent has established that the change is in the child's best interest." *Id.* (quoting *In re C.R.C.*, 819 A.2d at 560).

Further, the Pennsylvania Supreme Court has stated:

> Specific guidelines [for a child's best interests] are difficult to establish, for the circumstances in each case will be unique, as each child has individual physical, intellectual, moral, social and spiritual needs. However, general considerations should include the natural bonds between parent and child, the social stigma or respect afforded a particular name within the community, and, where the child is of sufficient age, whether the child intellectually and rationally understands the significance of changing his or her name.

*In Re Grimes*, 609 A.2d 158, 161 (Pa. 1992) (internal citations omitted); *accord T.W. v. D.A.*, 127 A.3d 826, 828 (Pa.Super. 2015).

We conclude the trial court did not abuse its discretion in finding Father failed to establish the requested name change would be in Child's best interest. The trial court considered the testimony presented at the hearing. It noted that Child is "very open and outspoken about his name being [G.J.N.,]

and [i]f [Child] has experienced any confusion, it has derived from [Father]." Order, at 2. As the trial court noted Father focused on Father's best interest, not Child's. The court did not abuse its discretion. **See T.W.**, 127 A.3d at 829-30 (finding court did not abuse its discretion in denying petition to change minor child's name, reasoning court had found father sought name change to further father's interest in survival of surname and that shared custody alone does not provide sufficient evidence that name change would be in child's interest).

Father next claims that the court erred because the court's order "fails to comport with good sense, common decency and fairness to all concerned" and was unreasonable. Father's Br. at 17.

It is true that courts have stated that a trial court should exercise its discretion in addressing a motion to change a minor's name "to comport with good sense, common decency and fairness to all concerned." **See, e.g., T.W.**, 127 A.3d at 828. However, when addressing a petition to change the name of a minor child, the court's discretion is to determine whether the change would be in the child's best interest. **Id.**

Here, in finding the name change was not in Child's best interest, the court also implicitly found its decision to deny to the motion "comport[ed] with good sense, common decency and fairness to all concerned." **See id.** As discussed above, the court did not err in finding the name change would not be in Child's best interest and, therefore, did not abuse its discretion in denying the petition to change Child's name.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/04/2019