J-A02002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| EMILY R. IBARRA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YVAN POCHRON | : | |
| | : | |
| Appellant | : | No. 625 MDA 2023 |

Appeal from the Order Entered March 27, 2023
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-22-03459

BEFORE:  NICHOLS, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:          **FILED: APRIL 16, 2024**

Yvan Pochron (Father) appeals from the trial court's order granting Emily R. Ibarra's (Mother) petition to change the name of the parties' minor child (Child) from A.W.P. to A.W.P.I.  Father argues that the trial court erred by failing to allow the parties to submit questions for Child when the trial court interviewed Child *in camera* and the trial court failed to conduct its interview with Child on the record.  Father also contends that the trial court erred by failing to allow the parties to make closing arguments.  Lastly, Father claims that the trial court erred in applying the best interests of the child standard. We affirm.

The trial court summarized the factual and procedural history of this matter as follows:

> At the time of [Child's] birth, Mother and Father were not married. Mother and Father separated when the child was approximately eight (8) months old.  Since their separation, Mother and Father

have lived separate and apart and [] Child has remained under primary care and custody of Mother since April 2019. However, Mother and Father have shared legal custody of [] Child. On June 8, 2022, Mother filed a petition seeking to change the surname of [] Child ("Petition"). On March 27, 2023, a hearing was held on Mother's petition and the court heard testimony from both Mother and Father. The court also interviewed [] Child, who was approximately four and a half years (4½) years old the time, privately in chambers.

Trial Ct. Op., 9/1/23, at 1-2 (footnote omitted).

We add that Mother testified that Child's younger half-brother has both of his parents' surnames. *See* N.T., 3/27/23, at 4, 8-9. Mother requested that the trial court change Child's surname to be the same as Mother's surname and for Father's surname to be one of Child's middle names. *See id.* at 9-10. Father testified that he was not opposed to adding Mother's surname to Child's name. *See id.* at 19. Father explained his preference was his surname and Mother's surname be hyphenated and used as Child's surname. *See id.* at 19-20.

During the hearing, when the trial court requested to interview Child *in camera*, neither party requested for their counsel to be present during the interview. *See id.* at 22-23. Also, the parties did not request to submit questions for the trial court to ask Child. *See id.* Lastly, the parties did not request that the trial court conduct its *in camera* interview with Child on the record. *See id.*

After interviewing the child, the trial court granted Mother's petition and changed Child's surname to Mother's surname and retained Father's surname as one of Child's middle names, resulting in Child's name being changed from

A.W.P. to A.W.P.I. *See id.* at 23-24. Neither party objected to the trial court announcing its decision without allowing the parties to present closing arguments. *See id.*

Father filed a timely notice of appeal. Both Father and the trial court complied with Pa.R.A.P. 1925.

Father raises the following issues for appellate review:

1. Did the trial court commit an error by failing to provide the parties with an opportunity for closing arguments following its interview with . . . Child?

2. Did the trial court commit an error by failing to conduct its interview of the minor child on the record or allow the parties to submit questions for . . . Child?

3. Did the trial court commit an error by failing to allow the parties the opportunity for closing arguments following its interview of . . . Child?

4. Did the trial court commit an error by improperly considering the case law provided by [Mother]?

Father's Brief at 2 (some formatting altered).[1]

---

[1] The third issue in Father's statement of questions involved is nearly identical to his first issue. *See* Father's Brief at 2. Additionally, in the argument section of his brief, Father divides his second question as two separate sections. *See id.* at 7-10. We note that the Pennsylvania Rules of Appellate Procedure require that the argument section of the brief be divided into as many parts as there are questions to be argued. Pa.R.A.P. 2119(a). Failure to do so may result in waiver. *Ramalingam v. Keller Williams Realty Grp., Inc.*, 121 A.3d 1034, 1042 (Pa. Super. 2015). While we do not condone Father's failure to comply with the Rules of Appellate Procedure, we find that the defects in Father's brief does not impede our ability to render meaningful appellate review; therefore, we decline to find waiver on this basis. *Id.*

Father's first three claims relate to alleged errors that the trial court committed during the hearing. Before addressing the merits of these issues, we must determine whether Father has preserved them for appeal. Mother and the trial court contend that Father waived his first three issues because he did not raise them before the trial court. Mother's Brief at 6-9; Trial Ct. Op. at 4-5.

"The issue of waiver presents a question of law, and, as such, our standard of review is *de novo* and our scope of review is plenary." ***Trigg v. Children's Hosp. of Pittsburgh of UPMC***, 229 A.3d 260, 269 (Pa. 2020) (citation omitted).

It is well settled that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); ***see also Thompson v. Thompson***, 963 A.2d 474, 475-76 (Pa. Super. 2008) (stating that "[i]n order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error will result in waiver of that issue" (citation omitted)).

Here, the record reflects that during the hearing, Father did not request permission to submit questions for the trial court to ask Child, did not request that the trial court conduct the *in camera* interview of Child on the record, and did not object to the trial court rendering its decision without first hearing closing arguments from the parties. ***See*** N.T., 3/27/23, at 22-24. Accordingly, Father failed to preserve these claims before the trial court,

- 4 -

therefore, they are waived. *See* Pa.R.A.P. 302(a); *Thompson*, 963 A.2d at 475-76.

In his remaining claim, Father argues that the trial court erred by improperly applying the case law provided by Mother and concluding "that rather than allowing [Child] to have a hyphenated [surname], that [Father's surname] should be moved to [Child's] middle name with [Mother's surname] remaining as the sole [surname]." Father's Brief at 12. Although Father included this issue in his Rule 1925(b) statement, the trial court concluded that the issue was waived because Father's Rule 1925(b) statement was too vague and unspecific for the trial court to discern what Father was raising on appeal. *See* Trial Ct. Op. at 5-6.

Rule of Appellate Procedure 1925 provides that a Rule 1925(b) statement "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). Further, this Court has held that "a concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no concise statement at all." *S.S. v. T.J.*, 212 A.3d 1026, 1031 (Pa. Super. 2019) (citations omitted and formatting altered).

As stated above, Father filed a timely Pa.R.A.P. 1925(b) statement contending, in pertinent part:

- 5 -

**4. Failure to properly consider case law provided by [Mother's] counsel.** In support of [Mother's] argument, [Mother's counsel] provided case law, which was reviewed by the [trial] court prior to its decision. In this case, [the m]other filed a petition to change the name of a minor child to a hyphenated version of the parties' [surnames], which was approved by the [trial] court, establishing these petitions exercised according to the best interests of the minor child. Though the appellate court ended up reversing the [trial] court's decision, it was not because of any issues which may arise from the use of a hyphenated [surname]. The [Pennsylvania Supreme] Court based its determination on the record which, "reflects an attempt by the trial court to impose its own views upon the litigants as opposed to a genuine determination of what would best suit [the minor child], taking into consideration 'good sense common decency and fairness to all concerned and the public.'" **In re Zachary Thomas Andrew Grimes**, [609 A.2d 158, 160] (Pa. 1992), quoting **Petition of Falcucci**, [50 A.2d 200, 202 (Pa. 1947)].

Father's Pa.R.A.P. 1925(b) Statement, 5/15/23, at 3 (some formatting altered).

As stated above, the trial court concluded that Father's Rule 1925(b) statement was too vague to preserve this issue for appeal. **See** Trial Ct. Op. at 5-6. However, we can glean from Father's Rule 1925(b) statement that Father seeks to challenge the trial court's conclusion regarding Child's name change and its reliance on case law that Mother provided at the hearing. **See** Father's Pa.R.A.P. 1925(b) Statement, 5/15/23, at 3 (reflecting Father's claim that the trial court misapplied case law that Mother cited, further, Father presented a case concerning a minor child's hyphenated name).

On this record, we are constrained to disagree with the trial court that Father waived his claim that the trial court abused its decision by not changing Child's surname to a hyphenated name that included the surnames of both

parents. Therefore, we decline to find waiver of this issue based on the purported vagueness of Father's Rule 1925(b) statement. Accordingly, this issue is ripe for our review. **Cf. S.S.**, 212 A.3d at 1031.

Father argues that the trial court failed to consider "good sense, common decency, and fairness to all concerned and the public" when changing Child's surname to Mother' surname and retaining Father's surname as one of Child's middle names. Father's Brief at 12-13 (citing **Grimes**, 609 A.2d at 160). Father notes that the trial court concluded that a hyphenated surname would be too long, cumbersome, and complicated for Child because of her age. **Id.** at 13. Father contends that "[i]t would be more fair to the parties involved for . . . [C]hild to share the [surnames] of both parties, rather than just one, when both parties share in physical and legal custody of . . . [C]hild." **Id.**

This Court has stated:

> Our standard of review involving a petition for change of name, regardless of the age of the petitioner, is whether there was an abuse of discretion. An abuse of discretion exists if the trial court has overridden or misapplied the law, or if the evidence is insufficient to sustain the order. Further, resolution of factual issues is for the trial court, and a reviewing court will not disturb the trial court's findings if those findings are supported by competent evidence. It is not enough for reversal that we, if sitting as a trial court, may have made a differing finding or reached a different result.

**T.W. v. D.A.**, 127 A.3d 826, 827 (Pa. Super. 2015); **see also id.** at 830 (describing this Court's standard of review as "narrow").

In **Grimes**, our Supreme Court stated

> The focus of the statute [governing name changes] and the procedures thereunder, indicate a liberal policy regarding change of name requests.  The necessity for judicial involvement centers on governmental concerns that persons not alter their identity to avoid financial obligations.  Beyond requiring compliance with the notice provisions, the statute provides no additional guidance for courts considering petitions for change of name.  Absent any legislative criteria, courts reviewing petitions for change of name exercise their discretion in such a way as to comport with good sense, common decency[,] and fairness to all concerned and to the public.

> [T]he lower courts of this Commonwealth have consistently exercised their discretion when reviewing these petitions according to the best interest of the child in question.  The best interests of the child is the standard used by an overwhelming majority of our sister states when reviewing petitions for change of name on behalf of minor children.

> We can discern no rational basis for disregarding the great weight of authority, requiring a court to exercise discretion in the best interest of a child, when reviewing a minor's petition for change of name.  In adopting this standard in Pennsylvania, we further hold, that a petitioner in such instance must bear the burden of establishing that a change would be in the best interest of said child.

> Specific guidelines are difficult to establish, for the circumstances in each case will be unique, as each child has individual physical, intellectual, moral, social[,] and spiritual needs.  However, general considerations should include the natural bonds between parent and child, the social stigma or respect afforded a particular name within the community, and, where the child is of sufficient age, whether the child intellectually and rationally understands the significance of changing his or her name.

**Grimes**, 609 A.2d at 160-61 (citations and footnotes omitted and formatting altered).

In ***Grimes***, the trial court granted the mother's petition to change the child's surname from the father's surname to a hyphenated name which used both the mother's and the father's surnames. ***Id.*** at 159. Our Supreme Court reversed, explaining that "the record reveals little competent evidence regarding the best interest of" the child and that the trial court declined to interview the child during the hearing. ***Id.*** at 161-62. Further, the ***Grimes*** Court observed that during the hearing, the trial court "spent much time emphasizing the detrimental effects of divorce upon children[,]" but there was no evidence presented that the parents' divorce had any detrimental effect on the child at issue. ***Id.*** at 162.

Here, at the conclusion of the hearing, the trial court explained:

[Child] is a well-spoken and well-thought out [sic] child who I won't say is overly mature for her age, but is certainly able to communicate effectively what is on her mind and what her feelings are. She was very calm and relaxed with me, which I consider a compliment, and also means that she's been raised to be comfortable with people and I want to credit you both with that, too.

\* \* \*

I am satisfied that the petition and the testimony elicited today from both [Mother] and [Father] satisfied that the conditions of Title [54], Pennsylvania Consolidated Statute Chapter 7, Respecting Judicial Change of Name.[2] Also the necessary proofs of publication and certifications have been provided.

I do not think it is in the best interest of [Child] to have a hyphenated [surname]. I think that [it] is too long, too cumbersome, and too complicated for a little girl, or a little boy for that matter. But I do think it's in her best interest to have

_____

[2] 54 Pa.C.S. §§ 701-705.

both names, both her [F]ather's and [M]other's names, in her legal name. Formally, I am going to grant the petition.

\* \* \*

The name of the child is hereby changed to [A.W.P.I.]

N.T., 3/27/23, at 23-24.

In its Rule 1925(a) opinion, the trial court further stated that

[this] court explained at the hearing that the petition met the requirements of 54 Pa.C.S.[] Chapter 7, respecting judicial change of name; the granting of the petition would not result in fraud, confusion, or detriment to any third party; it is in the best interest of Child to have both Father's and Mother's name[s] in [] Child's legal name but a hyphenated name is too complicated for [] Child, thus the court granted the change of [] Child's surname to Mother's surname while keeping Father's surname in [] Child's legal name as part of her middle name; and the objections raised by Father were not legal objections but sentimental ones.

Trial Ct. Op. at 5 (some formatting altered).

On this record, we discern no abuse of discretion nor error of law by the trial court in its decision to change Child's surname to Mother's surname and to include Father's surname as one of Child's middle names in lieu of a hyphenated name. Further, we agree with the trial court that its findings are in the best interests of Child. *See T.W.*, 127 A.3d at 827. For these reasons, Father is not entitled to relief on his claims, and we affirm the trial court's order.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

- 10 -

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/16/2024