J-A18036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE:  PETITION FOR CHANGE OF NAME OF L.J.M. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.N. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 79 WDA 2021 |

Appeal from the Order Entered December 8, 2020
In the Court of Common Pleas of Cambria County Orphans' Court at
No(s):  2020-3380

BEFORE:  OLSON, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:              **FILED: October 7, 2021**

A.N. ("Mother") appeals from the Orphans' Court's Order granting the Petition for Change of Name of Minor filed by C.M. ("Father"), and denying her Counter-Petition for Name Change.  We affirm.

Mother and Father were not married when the minor child ("L.J.M.") (a female born in November 2015) was conceived and born.  At that time, Mother was married to another man ("Ex-Husband"), whom she later divorced. Mother believed Ex-Husband was L.J.M.'s father, and L.J.M. was given Ex-Husband's surname.[1]   Ex-Husband was also listed as L.J.M.'s father on her birth certificate.  After Mother became suspicious of L.J.M.'s paternity, a DNA test was performed, which identified Father as L.J.M.'s father.  Following her divorce from Ex-Husband, Mother kept her married surname.   Mother

_____

[1] Ex-Husband's and Father's surnames both begin with the letter "M."

remarried in 2019 and took the surname of her current husband. At that point, L.J.M.'s surname was different from both Mother's and Father's surnames.

Mother and Father share custody of L.J.M., with both parents equally involved in her life. In September 2020, Father filed a Petition to change L.J.M.'s surname to his surname. Mother filed an Answer and Counter-Petition, seeking to have L.J.M.'s surname changed to a hyphenated combination of Mother's married surname and Father's surname, "L.J.N.-M." Both parties agree that L.J.M.'s surname should be changed.

The Orphans' Court held a hearing on December 7, 2020, at which both Mother and Father appeared and testified. The Orphans' Court entered an Order on December 8, 2020, in which it found that it was in L.J.M.'s best interest to change her surname to Father's surname. Order, 12/8/20. Thus, pursuant to 54 Pa.C.S.A. § 701,[2] the Orphans' Court granted Father's Petition to change L.J.M.'s surname to Father's surname, and denied Mother's Counter-Petition.

Mother filed a timely Notice of Appeal and a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Mother presents the following questions for our review:

  I.    Under Pennsylvania law, d[id] the [Orphans' Court] abuse
        its discretion, when it fail[ed] to consider the best interests
        of [L.J.M.] in a cross-petition name change matter?

---

[2] Section 701 requires court approval for a change of name and sets forth the procedure for seeking that approval. *See* 54 Pa.C.S.A. § 701.

II.    Under Pennsylvania law, d[id] the [Orphans' Court] abuse its discretion, when it fail[ed] to require [Father] to demonstrate that [his] requested name change for [L.J.M.] effectuates the best interests of [L.J.M.]?

III.    Under Pennsylvania law, d[id] the [Orphans' Court] abuse its discretion, when it use[d] irrelevant issues to dismiss Mother's request for [L.J.M.]'s name change, thereby failing to give [Mother's] request the appropriate weight and consideration?

IV.    Under Pennsylvania law, d[id] the [Orphans' Court] abuse its discretion, when it show[ed] gender-biased preference to [Father's] last name, despite [Mother] and [Father] sharing equal physical and legal custody?

V.    Under Pennsylvania law, d[id] the [Orphans' Court] abuse its discretion, when it fail[ed] to state a reason for denying [Mother's] name change within the Order of [c]ourt?

VI.    Under Pennsylvania law, d[id] the [Orphans' Court] abuse its discretion, when it change[d L.J.M.]'s name solely to [Father's] last name, thereby disregarding the mother-child relationship?

Brief for Appellant at 4-5.

Our standard of review involving a petition for change of name, regardless of the age of the petitioner, is whether there was an abuse of discretion. *In re Change of Name of Zachary Thomas Andrew Grimes to Zachary Thomas Andrew Grimes–Palaia*, [] 609 A.2d 158, 159 n. 1 ([Pa.] 1992). An abuse of discretion exists if the trial court has overridden or misapplied the law, or if the evidence is insufficient to sustain the order. *Doran v. Doran*, 820 A.2d 1279, 1282 (Pa. Super. 2003). Further, resolution of factual issues is for the trial court, and a reviewing court will not disturb the trial court's findings if those findings are supported by competent evidence. It is not enough for reversal that we, if sitting as a trial court, may have made a differing finding or reached a different result. *Id.*

***T.W. v. D.A.***, 127 A.3d 826, 827 (Pa. Super. 2015). When dealing with a petition to change the name of a child, our Supreme Court requires "a court to exercise discretion in the best interests of the child." ***In Re: Grimes***, 609 A.2d at 161. However, the Court further noted that

> [s]pecific guidelines [for a child's best interests] are difficult to establish, for the circumstances in each case will be unique, as each child has individual physical, intellectual, moral, social and spiritual needs. However, general considerations should include the natural bonds between parent and child, the social stigma or respect afforded a particular name within the community, and, where the child is of sufficient age, whether the child intellectually and rationally understands the significance of changing his or her name.

***Id.*** (citations omitted).

We will address Mother's first two claims together, as they are related. In her first question, Mother argues that the Orphans' Court erred when it failed to consider the best interests of L.J.M. Brief for Appellant at 12-13 Mother first argues that the Orphans' Court failed to consider L.J.M's best interests because Mother and L.J.M share a close bond, and Mother's surname is respected within the community. ***Id.*** at 13.

In her second claim, Mother argues that the Orphans' Court erred when it failed to require Father to demonstrate that the name change was in L.J.M.'s

best interest.[3]  *Id.* at 14.  Mother disputes Father's claim that L.J.M. should share his surname so she would have the name of her blood relative.  *Id.* Mother posits that if L.J.M.'s surname was changed to L.J.N.-M. she would share the surname of both parents/blood relatives.  *Id.*  Mother also takes exception to Father's testimony that changing L.J.M.'s surname to his surname will make a connection between L.J.M. and her family members.  *Id.*  Mother posits that permitting L.J.M. to share the surname of both parents would allow her to make connections between family members on both Mother's and Father's side of the family.[4]  *Id.* at 15.

In its Opinion, the Orphans' Court determined that it is in L.J.M.'s best interest to have stability as it relates to her surname.  *See* Orphans' Court Opinion, 1/15/21, at 3 (unnumbered).  *Id.*  The Orphans' Court noted that Mother has had three different surnames in her life: her maiden surname, her first married surname, and her current married surname, which she adopted

_____

[3] To the extent Mother argues that the Orphans' Court erred by not requiring Father to show that the name change was in L.J.M.'s best interest as set forth in 23 Pa.C.S.A § 5328, we note that that statute sets forth the factors a court must consider when determining the best interest of the child as it relates to **custody** of the child, not a name change.  *See* 23 Pa.C.S.A. § 5328; *see also T.W.*, 127 A.3d at 831 (stating that the fifteen factors set forth in Section 5328 "are specific to the best interest's analysis in a custody determination").

[4] Father also testified that he believed it was in L.J.M.'s best interest to have stability as it related to her surname, which would be best achieved by changing L.J.M.'s surname to Father's surname.  N.T., 12/7/20, at 15, 21.

in 2019. *Id.* at 2 (unnumbered). The Orphans' Court also noted that Mother initially wanted to change L.J.M.'s surname to Mother's maiden surname.[5] N.T., 12/7/20, at 38; *id.* at 29, 32 (wherein Mother testified that she was not dating her current husband when she and Father began discussing changing L.J.M.'s surname; therefore, at that time, she wanted L.J.M. to have her maiden surname); *id.* at 11 (wherein Father testified that after learning he wanted to have L.J.M.'s name changed to his surname, Mother originally wanted L.J.M.'s surname to be changed to Mother's maiden name).

Our review of the record reveals that the Orphan's Court granted Father's Petition because stability in L.J.M.'s surname was in her best interest. The Orphans' Courts findings and determinations in this regard are supported by competent evidence, and we discern no abuse of discretion by the Orphans' Court. *See Matter of Montenegro*, 528 A.3d 1381, 1383 (Pa. Super. 1987) (stating that "in granting or refusing to grant a name change petition after due hearing and notice, the court has wide discretion"). Accordingly, Mother is due no relief on her first two issues.

In her third issue, Mother argues that the Orphans' Court erred because it failed to give "appropriate weight and consideration" to Mother's reasoning for the name change request, effectively dismissing her request because her first marriage ended in divorce. Brief for Appellant at 16. In support, Mother

---

[5] Neither party filed a Petition to change L.J.M.'s surname to Mother's maiden surname.

claims that, "because Father was permitted to testify about Mother's remarriage and the [Orphans' Court] took note of Mother's remarriage, Mother's prior divorce was given an unreasonable amount of weight." *Id.*

The Orphans' Court's decision to grant Father's Petition was based upon its finding that stability in L.J.M.'s surname was in her best interest, not because Mother's first marriage ended in divorce. Orphans' Court Opinion, 1/15/21, at 3 (unnumbered). To the extent Mother argues the Orphans' Court erred by considering the fact that Mother has had three surnames, and that her surname was changed as recently as 2019, we do not find an abuse of discretion. Those facts are relevant to the issue of the stability of the parties' surnames.[6]  Thus, Mother is due no relief on this issue.

In her fourth issue, Mother argues that the Orphans' Court abused its discretion by granting Father's Petition in a gender-biased manner where the parties equally share physical and legal custody of L.J.M.  Brief for Appellant at 17.  Mother argues that Father's desire to have his surname survive is insufficient to establish that a name change would be in L.J.M.'s best interest.

_____

[6] Moreover, to the extent Mother is challenging the admissibility of Father's testimony about Mother's divorce and remarriage, Mother did not object during the hearing, and we will not consider that alleged error on appeal. *See* Pa.R.A.P. 302(a) (stating that an issue cannot be raised for the first time on appeal); *State Farm Mut. Auto. Ins. Co. v. Dill*, 108 A.3d 882, 885 (Pa. Super. 2015) (stating that "one must object to errors, improprieties, or irregularities at the earliest possible stage of the adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter" and the failure to do so results in waiver).

*Id.* (citing ***T.W.***, 127 A.3d at 828). Mother argues that because both parties maintain healthy relationships with L.J.M., the Court's decision was made in a gender-biased manner. ***Id.***

As discussed *supra,* the Orphans' Court's decision was based upon its finding that the L.J.M. needed stability as it pertained to her surname, rather than Father's desire to have his surname survive or any other reason indicative of gender bias. Orphans' Court Opinion, 1/15/21, at 3 (unnumbered). Mother is due no relief on this claim of error.

In her fifth issue, Mother argues that the Orphans' Court erred when it failed to state a reason for the denial of Mother's Petition in its Order. Brief for Appellant at 18. Mother acknowledges that the Orphans' Court is not required to state a reason in its Order. ***Id.*** (citing 54 Pa.C.S.A. § 702 (setting forth the procedure for an individual to seek a change of name)). She asserts, however, that courts regularly explain the reason for denial of a name change petition. ***Id.*** at 18. Mother posits that because the Orphans' Court failed to explain why Mother did not meet her burden, this Court is unable to review the Orphans' Court's determination, and whether the Orphans' Court had abused its discretion. ***Id.***

The record belies Mother's claim. Although the Orphans' Court did not set forth its reasoning in the Order, it stated its reasons on the record during the hearing and drafted an Opinion setting forth its findings and conclusions.

*See* Orphans' Court Opinion, 1/15/21, at 3 (unnumbered). Thus, Mother is due no relief on her fifth claim of error.

In her final issue, Mother argues that the Orphans' Court erred because it failed to consider the mother-child relationship when it changed L.J.M.'s surname to Father's surname. Brief for Appellant at 19. Mother argues that the Orphans' Court "did not consider that natural bond between Mother and [L.J.M.], and therefore the [Orphans' Court] abused its discretion." *Id.* Mother specifically points to her testimony that L.J.M. is attached to all members of her stepfamily, yet the Orphans' Court failed to acknowledge the same in its Order. *Id.* at 19.

Although Mother claims the Orphans' Court did not consider L.J.M.'s bond with Mother and her stepfamily, our review of the record reveals that both Mother and Father testified regarding the bond each party and their families shared with L.J.M. The parties have shared equal custody of L.J.M. since 2016. N.T. 12/7/20, at 10. The evidence reflected that L.J.M. is bonded with Father, Father's fiancée, Mother and Mother's husband. *Id.* at 28. Nevertheless, the Orphans' Court's emphasized the fact that stability in her surname was in L.J.M's best interest, and that was achieved by granting Father's Petition. Orphans' Court Opinion, 1/15/21, at 3 (unnumbered). Accordingly, we discern no abuse of discretion in that regard, and Mother is due no relief on these grounds.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/07/2021